578 A.2d 1289

**Hubert THORNTON, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Supreme Court of Pennsylvania.

Argued Sept. 26, 1989.

Decided Aug. 24, 1990.

Reargument Denied Dec. 4, 1991.

Lester G. Nauhaus, Public Defender, Shelley Stark, Chief–Appellate Div., Pittsburgh, Pa., for petitioner.

Robert Greevy, Chief Counsel, Herman Tartler, Pa. Bd. of Probation and Parole, Harrisburg, Pa., for respondent.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

This matter presents yet another opportunity for us to address the question of whether court-appointed appellate counsel may be sanctioned pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744, for the filing of a frivolous appeal. In the instant matter, however, the question arises in a slightly different context, requiring us to consider the propriety of an order of the Commonwealth Court denying court-appointed counsel permission to withdraw from representation of a defendant whose appeal has not yet been adjudged frivolous. The pertinent facts are as follows.

Hubert Thornton, the petitioner, was paroled in February 1983 from a four-to-ten year sentence for statutory rape. A condition of his parole was that he not consume alcoholic beverages. He was subsequently arrested for alcohol consumption. Despite undisputed testimony that he had never received or signed for written notice of this additional condition of parole, he was found to have committed a technical violation of this parole condition. Petitioner challenged this violation in several letters to the Board, but the claims were rejected. The Commonwealth Court then ap-

pointed the Allegheny County Office of the Public Defender to represent petitioner.

In October 1988 the Public Defender petitioned the Commonwealth Court for leave to withdraw as counsel. Counsel alleged that recent Commonwealth Court cases wherein that court imposed attorneys' fees against appointed counsel for arguing issues deemed frivolous created a conflict of interest for counsel, who could face the possibility of such sanctions if the court were to declare frivolous issues raised by counsel in her appeal of this matter. Commonwealth Court denied counsel's motion to withdraw. Thereafter, counsel petitioned Commonwealth Court to certify its order denying the motion to withdraw so the order could be reviewed. Counsel filed in this Court a Petition for Review, Petition for Permission to Appeal and Application for Extraordinary Relief, which was granted, and the matter was consolidated with *Amaker v. Commonwealth of Pennsylvania, Board of Probation and Parole*, 525 Pa. 100, 576 A.2d 50 (1990).

In this appeal, three principal contentions are made. The first of these is that counsel, not the court, is in the best position to determine the frivolity of an appeal. Petitioner suggests that because counsel's opinion is essential to the definition of frivolousness, only counsel's initial inquiry into frivolousness (via the *Anders* brief) should trigger a court's determination of whether the appeal is wholly frivolous. Petitioner further argues that the Commonwealth Court has failed to provide a consistent standard for defining a frivolous appeal, and that, to the extent that such a definition has been provided, the court has violated the Constitution, the laws of this Commonwealth, and the directives of this Court. Finally, petitioner contends that the Commonwealth Court has created an ethical crisis for counsel, who must choose between effective representation of the client and a duty to the court not to prosecute frivolous claims.

The contentions averred by petitioner reflect appellate counsel's apparent belief that her right to withdraw is connected to what she perceives as the Commonwealth

Court's inappropriate interference into a judgment reserved for counsel, and that court's inability to establish a consistent standard for adjudging the frivolity of an appeal. Petitioner seems convinced that she may elect to withdraw from representation of a client rather than assume the risk that her judgment of the merit of the points raised in an appeal might be erroneous. In submitting these contentions, counsel overlooks this Court's view that "the right to withdraw is in the first instance tied to a finding, after a conscientious review of the record, that the appeal is 'wholly frivolous.'" *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185, 1187 (1981). As the United States Supreme Court noted in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the court, not counsel, is then to examine the record for a determination of whether the appeal is wholly frivolous.

The proper method by which counsel's petition to withdraw is evaluated is well established. In *Anders, supra,* the Supreme Court set forth a detailed procedure whereby counsel could inform the court of his desire to withdraw from representation of a client. This Court in *Pernell Smith v. Commonwealth, Pennsylvania Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990), reiterated its faith in the *Anders* procedure, which the *Anders* court set forth as follows:

> [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—*not counsel*—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal

insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Smith v. Commonwealth, Pennsylvania Board of Probation and Parole, supra,* at 564 (citation omitted).

The *Anders* procedure adequately addresses petitioner's concerns. Counsel who submits an *Anders* brief both has outlined any issues which are suggested by the record and whose review may benefit his client, and has informed the court of his belief that those issues are probably meritless. Additionally, the indigent has been afforded the opportunity to review counsel's brief and to raise any points that he may deem to be meritorious. Thus the court is in a position of assessing the claimed frivolity of the allegation of error.

By faithful adherence to this procedure, counsel has fulfilled his duty not to pursue baseless claims, and at the same time has provided the indigent his constitutional right of appeal. It is the reviewing court that makes the final determination of frivolity, and in so doing makes its own assessment of counsel's judgment that all possible challenges are without basis. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals,* 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Commonwealth v. McClendon, supra; Commonwealth v. Zanine,* 444 Pa. 361, 282 A.2d 367 (1971); *Commonwealth v. Diaz,* 438 Pa. 356, 264 A.2d 592 (1970). The court must also scrutinize the claims of the indigent to determine whether there may be a claim or claims of arguable merit without regard to the inartful manner in which they may be articulated.

The ethical dilemma of which petitioner speaks is nonexistent. Adherence to the *Anders* procedure is counsel's method of ensuring that his client's appellate rights are protected. Counsel's duty to both the court and client is

thereby fully satisfied. Thus there is no legitimate basis for the instant request by counsel to withdraw, and the Commonwealth Court properly denied that request.

Accordingly, the Order of the Commonwealth Court refusing counsel's request to withdraw is affirmed, and the matter is remanded for further proceedings in accordance with this opinion.

LARSEN, J., dissents.