587 A.2d 42

**John McDANIEL, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 1990.

Decided Feb. 13, 1991.

John McDaniel, Huntingdon, pro se.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

John McDaniel appeals the February 22, 1990, order of the Pennsylvania State Board of Probation and Parole (Board) recommitting him to serve four years of his unexpired term of a sentence of three to seven years as a convicted parole violator (CPV) and recommitting him to serve, concurrently, twenty-four months backtime as a multiple technical parole violator (TPV). Also before us for disposition is appointed counsel's petition to withdraw as counsel filed pursuant to *Commonwealth v. McClendon* 495 Pa. 467, 434 A.2d 1185 (1981).

█ Counsel, after reviewing the record, filed a petition to withdraw as McDaniel's attorney; he concluded that McDaniel's claims were without merit and "legally frivolous." The term "legally frivolous," however, does not clearly satisfy the rule in *McClendon* which requires counsel to determine that McDaniel's claims are "wholly frivolous" in order for him to file a proper petition to withdraw. However, even though the precise language mandated by *McClendon* was not pled, for the purposes of this appeal we hold that the language in counsel's petition satisfied the *McClendon* rule.

As required by *McClendon*, counsel served McDaniel with a copy of his petition to withdraw and his "no-merit letter" and advised McDaniel that he could respond by obtaining substitute counsel or by filing a *pro se* brief. McDaniel filed such a brief. It is now our task to make an independent examination of the record and all briefs to determine whether the appeal is wholly frivolous. *McClen-*

*don.* We have also reviewed counsel's no-merit letter and determined it to be adequate under *McClendon.*

McDaniel was paroled on December 29, 1982, from a sentence of three to seven years for the crime of robbery.[1] On April 29, 1983, McDaniel struck a female victim about her head and face with his fists causing her serious bodily harm. Aggravated assault charges were filed against McDaniel. McDaniel was scheduled to meet with his parole agent on May 3, 1983 and surrender himself for arraignment on the aggravated assault charge. On May 3, 1983, prior to the arraignment, McDaniel committed a bank robbery in which he held a gun to a bank employee's head. McDaniel was arrested the same day by local and federal officers; a gun was found in McDaniel's residence.

On August 10, 1987, McDaniel's violation hearing was held at the Indiana County Jail. He was charged with two violations of condition 5(c), which prohibited assaultive behavior, and one violation of condition 5(b), which prohibited the possession of weapons. McDaniel waived a full Board Hearing and argued his case *pro se.* On September 1, 1983, the Board recorded an administrative order recommitting McDaniel to serve twenty-four months backtime as a TPV.

On September 7, 1983, McDaniel pled guilty to bank robbery. The United States District Court, Western District of Pennsylvania, committed McDaniel to the custody of the U.S. Attorney General for imprisonment for a period of twelve years. McDaniel was paroled from the bank robbery sentence on November 17, 1989, and immediately returned to the Pennsylvania state prison at Rockview to serve his twenty-four months backtime.

On January 31, 1990, the Board held a panel revocation hearing at Rockview to determine whether to recommit McDaniel as a convicted parole violator because of his guilty plea to bank robbery. On February 22, 1990, the

1. McDaniel was convicted of robbery on October 30, 1978, in Cambria County, Pennsylvania. He was also found guilty of theft on July 23, 1980, and he was given a one- to two-year sentence to run concurrently with the robbery conviction.

Board recommitted McDaniel to serve the remaining four years of his original sentence. McDaniel filed a petition for administrative relief with the Board which was denied. This appeal followed.

■ After this case had been appealed, McDaniel filed a motion for summary judgment which was received by this Court on November 26, 1990. Even though a motion for summary judgment is improper in a case involving our appellate jurisdiction, we will treat McDaniel's motion for summary judgment as an application for summary relief.[2]

McDaniel contends that (1) his recommitment as both a technical and convicted parole violator is contrary to *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), and (2) he was prejudiced because the Board became aware of his federal bank robbery conviction in 1983 but did not hold a parole revocation hearing on the criminal charges until 1990.

■ With respect to his petition for review, McDaniel asserts that his recommitment for both technical and convicted parole violations is contrary to *Rivenbark*. In *Rivenbark*, the Pennsylvania Supreme Court held that a parolee could not be recommitted to serve separate terms of backtime as both a technical parole violator and a convicted parole violator when the technical violation was based on the same act which constituted the new crime for which the parolee was convicted. What is required in these cases is a "determination—is the technical violation also a criminal offense for which the parolee was convicted? If so, the Board may commit as a convicted violator only." *Threats v. Pennsylvania Board of Probation and Parole*, 520 Pa. 182, 187–88, 553 A.2d 906, 908–09 (1989).

McDaniel was charged with one count of violating condition 5(b), possession of a firearm, and two counts of violating condition 5(c), assaultive behavior. The violation of

2. Pa.R.A.P. 1532(b). This rule states that "[a]t any time after the filing of a petition for review in an appellate or original matter the court may on application enter judgment if the right of the applicant thereto is clear...."

condition 5(b) does not raise a *Rivenbark* issue, as McDaniel was not convicted of an illegal weapons possession crime. *Threats.* Also, *Rivenbark* cannot apply to McDaniel's first violation of condition 5(c), the assault on the female victim, because he was never convicted of this offense. Furthermore, McDaniel's second violation of condition 5(c), holding a gun to the head of a teller during the bank robbery, does not raise a *Rivenbark* issue. Even though bank robbery includes an element of assault, bank robbery involves the additional element of taking money or property in the custody of a bank.[3] Thus, McDaniel's technical violation of assaultive behavior is not co-extensive with his conviction for bank robbery. *Threats.* Therefore, McDaniel has failed to raise a nonfrivolous *Rivenbark* issue.[4]

McDaniel also contends that he was prejudiced because the Board was notified of the bank robbery charge in 1983 but did not hold a parole revocation hearing on the criminal charges until 1990. Our review of the entire record demonstrates that McDaniel failed to raise this issue before the Board; therefore, this issue is waived. *Brewer v. Pennsylvania Board of Probation and Parole*, 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986). However, even if this issue was not waived, McDaniel could not prevail. When a parolee is confined outside the jurisdiction of the Pennsylvania Department of Corrections in a federal prison, a revocation hearing must be held within 120 days of his return to a state correctional facility. 37 Pa.Code § 71.4; *Harris v. Pennsylvania Board of Probation and Parole*, 38 Pa.Commonwealth Ct. 391, 393 A.2d 510 (1978). McDaniel was returned to Rockview on November 17, 1989,

3. McDaniel was convicted under the federal bank robbery statute which defines a bank robber as "whoever by force and violence, or by intimidation, takes ... any property or money ... in the care, custody, control or management, or possession of any bank." 18 U.S.C. § 2113.

4. McDaniel argued that this appeal is not moot even though the backtime for the technical violations is being served concurrently with the remaining four years of his sentence, since the number of prior violations a parolee has previously committed may be an aggravating factor on future violations. The Board did not respond to this argument.

and his revocation hearing was held on January 31, 1990; thus, the hearing was held within 120 days.

 The right of counsel to withdraw is tied to a finding that the appeal is wholly frivolous. *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa.Commonwealth Ct. 586, 502 A.2d 758 (1985). "Wholly frivolous" means a complete lack of points present that might arguably support an appeal. *Id.* A lack of merit is not the legal equivalent of frivolity. *Id.* As just demonstrated, McDaniel has failed to raise a nonfrivolous issue. Therefore, Counsel's petition to withdraw must be granted.

McDaniel's motion for summary relief will now be considered. Under Pa.R.A.P. 1532(b), this Court may enter judgment if the applicant demonstrates a clear right to the relief. McDaniel's motion merely repeats the issues which are already before us in this appeal. In light of our determination that the issues raised in this appeal are wholly frivolous and our decision to grant counsel's petition to withdraw, McDaniel's motion for summary relief is rendered moot.

### ORDER

NOW, February 13, 1991, the order of the Board of Probation and Parole in the above captioned case is affirmed. Counsel's petition to withdraw is granted. The motion for summary judgment is dismissed as moot.