630 A.2d 1250

**COMMONWEALTH of Pennsylvania**

v.

**Rolan Santiago TORRES, Appellant.**

Superior Court of Pennsylvania.

Argued June 7, 1993.

Filed Aug. 24, 1993.

284

Joseph P. Burt, Erie, for appellant.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Com., appellee.

Before ROWLEY, President Judge, and WIEAND, CIRILLO, DEL SOLE, TAMILIA, KELLY, POPOVICH, HUDOCK and FORD ELLIOTT, JJ.

TAMILIA, Judge.

Rolan Santiago Torres takes this appeal from judgment of sentence imposed August 12, 1991 after appellant pled guilty to three counts of unlawful delivery of a controlled substance [1] and one count of possession of a controlled substance.[2] Appellant was sentenced to an aggregate term of eight (8) to sixteen (16) years imprisonment. In addition to the appeal, we are presented with a Petition for Leave to Withdraw as Counsel

---

1. 35 P.S. § 780–113(a)(30).
2. *Id.,* § 780–113(a)(16).

filed by appellant's counsel, Joseph P. Burt,[3] which must be decided prior to review of the appeal on its merits. This issue was presented to the Court en banc because a conflict arose between the panel decision and prior Superior Court decisions which appeared to enlarge the requirements imposed by United States Supreme Court and Pennsylvania Supreme Court decisions for withdrawal of counsel when the appeal appeared to be frivolous.

Appellant's counsel seeks to withdraw from this appeal pursuant to *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), and its federal precursor, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Since its promulgation in Pennsylvania under *McClendon*, conflicting interpretations of *Anders* have crept into subsequent decisions of this Court. We seek in this decision to reaffirm the principles for which *Anders* stands, and from which our Supreme Court has not strayed since *McClendon*.

In *McClendon*, the Pennsylvania Supreme Court found it "apparent [based on *Anders* ] that the right to withdraw is in the first instance tied to a finding, after a conscientious review of the record, that the appeal is 'wholly frivolous.' " *Id.* at 471, 434 A.2d at 1187. The Court also imposed the *Anders* requirements that counsel notify appellant of his request to withdraw, furnish appellant with a copy of the brief prepared by counsel and advise appellant of his right to retain new counsel or raise any points that he may deem worthy of consideration. *Id.* "At that point it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 471, 434 A.2d at 1187.

The major thrust of *Anders* was to assure a careful assessment of any available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record and by

**3.** Attorney Burt represented appellant at every stage of the proceedings in this case until his petition to withdraw was filed on September 11, 1992.

also placing the responsibility on the reviewing court to make an independent determination of the merit of the appeal.

* * * * * *

The role of an advocate, insisted upon in *Anders,* refers to the manner in which the record was examined in an effort to uncover grounds to support the appeal. Where counsel has in good faith satisfied that obligation and found the appeal to be wholly frivolous, he can do no more.

*Id.* at 473–74, 434 A.2d at 1188.

Recently, a panel of this Court stated:

In *Commonwealth v. Thomas,* 354 Pa.Super. 87, 511 A.2d 200, 201 (1986), this Court [in *Wallace* ] set forth those requirements which need to be satisfied prior to granting counsel leave to withdraw; to-wit:

(1) petition[ ] ... for leave to withdraw [must] state[ ] that, after making a conscientious examination of the record and *interviewing the defendant,* [counsel] ha[s] determined that the appeal [i]s frivolous; (2) file[ ] a brief referring to anything in the record that might arguably support the appeal, but which d[oes] not resemble a no-merit letter or *amicus curiae* brief; and (3) furnish[ ] a copy of the brief to the defendant and advise[ ] him of his right to retain new counsel or raise any additional points that he deem[s] worthy of this Court's attention.

*Commonwealth v. Kennedy,* 417 Pa.Super. 154, 157, 611 A.2d 1312, 1313 (1992) (emphasis added). The insertion of an interview requirement in *Kennedy* derivative of its interpretation of *Thomas* is the element not presented in *Anders* or *McClendon* which is the focus of this en banc review. An examination of *Thomas,* however, discloses that the Court therein was referring to the actions of counsel in *Commonwealth v. Wallace,* 322 Pa.Super. 157, 469 A.2d 230 (1983), in satisfying the requirements of *Anders.* Looking to *Wallace,* the following was stated:

Counsel, after making a conscientious examination of the record and interviewing appellant, determined that this

appeal is frivolous. She then: 1) petitioned this court for leave to withdraw; 2) filed a brief referring to anything in the record that might arguably support the appeal; and 3) furnished a copy of the brief to appellant and advised him of his right to retain new counsel or raise any additional points that he deems worthy of this court's attention.

*Wallace, supra* at 160, 469 A.2d at 231–232.

It is clear that the *Thomas* Court's reference to "interviewing" in *Wallace* pertains to the particular actions of counsel on behalf of appellant Wallace, limited to that case, rather than the requirements of *Anders,* as evidenced by the fact that the former was set off and apart from the latter. Apparently, counsel in *Wallace,* appointed to take appellant's appeal from the Order dismissing without hearing his third petition under the PCHA (now PCRA), was not familiar sufficiently with appellant's case, and sought to interview him to make the determination whether the appeal was frivolous. It is this determination of frivolousness which is essential under *Anders,* and not an interview which may aid in making it. An interview is unnecessary in most instances, and we find no justification in making one an additional *Anders* requirement. What is essential to making a determination of frivolousness and fulfilling the duty under *Anders* to advise the defendant adequately of counsel's actions and his rights is communication with defendant by providing a copy of the *Anders* brief, the motion to withdraw and a letter explaining counsel's actions and the defendant's alternative recourses. Prior communication may or may not be necessary for counsel to fulfill adequately his responsibility, depending on the circumstances of the particular case. Obviously counsel who has represented the defendant from the trial through sentencing and post-conviction proceedings would feel lesser need to interview, telephone or write to the defendant than counsel first involved by appointment for appeal purposes. It thus becomes counsel's responsibility to determine when and to what extent communication is necessary. For example, in the case before us, counsel, a public defender, represented appellant throughout the proceedings and was aware of the issues

appellant sought to present on appeal. As such, no interview of appellant was necessary for counsel to make the requisite determination of the appeal's merit. Counsel sent the following letter to appellant accompanied by a copy of his "Anders–Baker" brief and a motion for leave to withdraw as counsel:

Dear Sir:

Since I received the assignment to pursue your case for appeal, I have finally been able to gather all the information I needed to review. Having reviewed your case and all of the pleadings that were submitted by your prior counsel, and, having performed legal research to try and find some support for the issues that are available, I am writing to you, with great regret, to inform you that I can find no meritorious issues that would be able to be pursued on appeal.

I am enclosing with this letter a copy of a Petition for Leave to Withdraw as your Counsel. This Petition is being filed with the Superior Court of Pennsylvania. I am also enclosing a copy of the Brief to which I refer in the Petition itself.

Having applied the available Pennsylvania law to the issues that are available, I have concluded that your appeal would be of no merit and that raising the issues would be frivolous. I have a duty to communicate this fact to you, but also, I have a duty to communicate it to the Court and to seek permission to withdraw as your counsel.

Under applicable law I am required to file a Petition with the Superior Court seeking its permission to. withdraw and also a brief setting forth anything in the record that might arguably support your appeal. I am also obligated to furnish a copy of that brief to you. It is enclosed with this letter. I am also obligated to advise you of your right at this point in time to find or retain new counsel. You may also act on your own behalf to raise any additional points or arguments with the Superior Court that you feel the Court should consider in your pending case.

I am sincerely disappointed that I was unable to point to anything in the record which would be able to be argued

successfully in your appeal. I know that you feel the result you received was a harsh one. However, I have no doubt that these matters will stand up on an appeal.

I wish you the best in your efforts to pursue these matters further if you so desire.

This letter fully meets the requirements of *Anders–McClendon* in "communicating" with appellant. Under the circumstances of this case, additional communication by letter, phone or face to face interview would be redundant and unnecessary. We do not propose any per se requirements of interviewing or communication with appellant by counsel. We believe counsel is presumed to act professionally and ethically in this process and will engage in such communication as required by each case and his prior involvement in the case. Appellate review should provide a sufficient opportunity to evaluate the sufficiency of the communication in the same manner as we determine adequacy of the record in any other situation. As noted below, the court has a heavy responsibility in determining whether the appeal is frivolous and the likelihood that counsel would or could ignore his responsibility to review the record and communicate with an appellant is extremely remote. To require more than communication would be redundant and could create an onerous burden on the public defenders and the judicial system. Particularly, face to face interviews, if required, with the wide dispersal of defendants throughout the penal system of Pennsylvania, would place an unwarranted and unnecessary expense and misuse of attorney time to the detriment of the legal defense system.

At oral argument, Joseph P. Burt, Esquire, despite questioning by members of the en banc panel, was reluctant to discuss his contacts with appellant after the appeal was taken other than the one in which he communicated his intention to file a motion to withdraw. He believed to do so would be a breach of his client's right to privileged communication and confidentiality and could have an adverse effect on his appeal. Since counsel was trial counsel as well as appellate counsel, it is an inescapable assumption that counsel had far more contact and communications with appellant than minimally re-

quired by *Anders–McClendon* when a motion for leave to withdraw as counsel is filed. As counsel during trial and sentencing stages as well as being appointed counsel for defendant on appeal, the communication between appellant and counsel was extensive.

In explaining its decision, the *Kennedy* Court stated:

Although *McClendon*, supra makes no reference to the need to communicate/interview with the appellant in advance of counsel seeking to withdraw because of the frivolousness of an appeal, Superior Court has interpreted the law to be otherwise. See *Thomas*, supra. More to the point, we do not find that sending a letter to a defendant informing him/her that an appeal perfected on his/her behalf would be frivolous does not satisfy [sic] the communication/interviewing contemplated by this Court in *Thomas*, supra. Surely, a face-to-face confrontation or an affidavit of communication over the phone if counsel cannot meet with the defendant would be satisfactory. Neither scenario transpired instantly. Accordingly, the Petition To Withdraw is premature. Thus, we are required by precedent to adhere to the satisfaction of such a requirement before allowing a petition to withdraw to be granted. *Thomas*, supra.

In all other regards, counsel has adhered to the mandate of *Anders*, e.g., furnishing a copy of the brief to the appellant in advance of seeking to withdraw. Id.; see also *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968); *Commonwealth v. Worthy*, 301 Pa.Super. 46, 446 A.2d 1327 (1982). Nevertheless, the failure to comply with the dictates of *Thomas*, supra, on the question of "interviewing" with a defendant in advance of seeking to remove oneself as counsel undermines the grant of the Petition To Withdraw.

*Id.* at 158, 611 A.2d at 1314 n. 2. Inasmuch as this Court's decision in *Kennedy*, making an interview of appellant an *Anders* requirement, is based on *Thomas*, which detailed the factual circumstances (including an interview) involved in *Wallace*, we find the precedential value of *Thomas* as to an interview requirement to be illusory, and we reiterate the continuing validity of *McClendon*, without modification or

addition. We hereby specifically reject any interview requirement that has been specified by *Kennedy* or inferred from *Thomas* or *Wallace.*

In addition, we find instructive the fact that since *McClendon,* the Supreme Court has not seen fit to add the "interview" requirement to those specified in *Anders,* despite opportunities to do so. *See Thornton v. Pennsylvania Board of Probation and Parole,* 525 Pa. 180, 578 A.2d 1289 (1990); *Smith v. Board of Probation and Parole,* 524 Pa. 500, 574 A.2d 558 (1990). As stated in *Thornton:*

> The proper method by which counsel's petition to withdraw is evaluated is well established. In *Anders, supra,* the Supreme Court set forth a detailed procedure whereby counsel could inform the court of his desire to withdraw from representation of a client. This Court in *Pernell Smith v. Commonwealth, Pennsylvania Board of Probation and Parole,* 524 Pa. 500, 574 A.2d 558 (1990), reiterated its faith in the *Anders* procedure, which the *Anders* court set forth as follows:

> [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—*not counsel*—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Smith v. Commonwealth, Pennsylvania Board of Probation and Parole, supra,* [574 A.2d] at 564 (citation omitted).

The *Anders* procedure adequately addresses petitioner's concerns. Counsel who submits an *Anders* brief both has outlined any issues which are suggested by the record and whose review may benefit his client, and has informed the court of his belief that those issues are probably meritless. Additionally, the indigent has been afforded the opportunity to review counsel's brief and to raise any points that he may deem to be meritorious. Thus The court is in a position of assessing the claimed frivolity of the allegation of error.

*Thornton, supra* at 183–84, 578 A.2d at 1291. Neither *Smith* nor *Thornton* makes mention of the "interview requirement" nor do the *Anders* cases decided by our brethren in Commonwealth Court. *See Frankhouser v. Pennsylvania Board of Probation and Parole,* 143 Pa.Cmwlth. 80, 598 A.2d 607 (1991); *McDaniel v. Board of Probation and Parole,* 137 Pa.Cmwlth. 598, 587 A.2d 42 (1991); *Morrison v. Board of Probation and Parole,* 134 Pa.Cmwlth. 488, 578 A.2d 1381 (1990).

We find, therefore, from our review of prior case law on the issue of *Anders* requirements that the interview of the appellant by counsel as required by *Kennedy* is not a requirement of *Anders* or *McClendon.* While interviewing the appellant to determine the merit of his appeal is laudable and even recommended, it is not always practicable and we will not impose such a stricture on counsel who in all other ways have satisfied the requirements of *Anders.*

Turning again to the case before us we find on September 11, 1992, counsel filed a petition with this Court, in conjunction with his appellate brief, representing that he had conducted a conscientious examination of the record, found the issues advanced by appellant to be without merit and concluded an appeal on those grounds to be frivolous. Counsel also averred he has notified appellant by letter of his request to withdraw, furnished appellant with a copy of his brief and advised appellant of his right to retain new counsel and/or raise any

additional points appellant may deem worthy of this Court's consideration.

We have reviewed the petition filed by counsel and find he has complied with *Anders* and *McClendon.* Moreover, from our independent review of the entire record, including appellant's pro se amendment of brief, we find no issues of arguable merit and further find the appeal filed by counsel to be wholly frivolous.

Based on the foregoing, we grant counsel's request to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted.

Judgment of sentence affirmed.

DEL SOLE, J., filed concurring and dissenting opinion joined by FORD ELLIOTT, J.

POPOVICH, J., filed concurring and dissenting opinion.

DEL SOLE, Judge, concurring and dissenting.

I join the Majority Opinion in affirming the conviction of the Defendant. Also, I join in the determination that counsel should be permitted to withdraw. I agree that the petition to withdraw need not contain a statement that counsel has communicated with the defendant where, as here, the record establishes that counsel seeking to withdraw was trial counsel. I would further hold, that where counsel attended a post-trial proceeding at which the defendant was also present a statement that counsel communicated with the defendant need not be included in the withdrawal petition. We can correctly assume that in these situations there was communication between attorney and client.

However, in cases involving the withdrawal of counsel who was not trial counsel, nor present with the defendant at a post-trial proceeding, I join the Concurring and Dissenting Opinion of Judge Popovich, and would continue to require that the petition seeking withdrawal contain the attorneys statement that counsel communicated with the client in arriving at the conclusion that there are no legitimate issues that warrant

relief. Judge Popovich is correct in observing that communication between counsel and client is necessary to assure adequate representation of criminal defendants.

Since the Majority attempts to eliminate this requirement I believe it necessary to raise three points. First, as the Majority sets forth in its Opinion, current counsel who seeks to withdraw was trial counsel and had many communications with his client, before, during, and after the verdict. Therefore, the communication requirement was established on the record and any discussion of the requirement of communication, or the contents of a withdrawal petition in this regard by the Majority is necessarily *dicta.*

Second, in direct appeal cases where post-trial counsel is not trial counsel, only communication between counsel and client can assure that non-record issues which warrant relief have been raised. For example, no review of the record alone can assure subsequent counsel that character evidence or alibi defense issues were properly explored. Only communication with the defendant will do so. Requiring counsel to certify that such communication occurred enhances the quality of the process, and serves to insure that issues not raised are truly not present.

Third, in Post Conviction collateral attacks, the petition must set forth any facts that form the basis for relief not contained in the record. Pa.R.Crim.P. 1502(a)(12)(ii). Also, for counsel to withdraw in collateral attack cases, the "no-merit" letter must list each issue petitioner wished raised and counsel's assessment of those issues. See *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988). Inherent in each of these requirements is communication between lawyer and defendant. Since the right to counsel in post-conviction matters does not rise to the constitutional level required in a direct appeal, I find it incongruous not to require communication between attorney and client in a direct appeal case, and a certification of that communication in a petition to withdraw where the record does not evidence a joint appearance before the court by counsel and defendant.

POPOVICH, Judge, concurring and dissenting.

I concur with the Majority's decision to grant Torres' counsel's request to withdraw and affirm the judgment of sentence, especially in light of Torres' presentment of a *pro se* amended brief reflective of his concerns on appeal. However, I dissent to that portion of the Majority's discussion which implies that the laudatory features inherent in a requirement that appointed counsel consult with a defendant, in advance of formulating whether and to what extent an appeal is to be perfected and the substance of the claim(s) to be raised if appellate review is sought, may be dispensed with as a *non sequitur* in light of *Anders v. Calif.*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

The withdrawal of counsel, newly appointed to represent a defendant at the post-trial stage or appellate level, without first making inquiry of the accused as to what transpired in the case to achieve a proper perspective of the presence or absence of any meritorious claim(s) is a disservice to the defendant in particular and the judicial system and the principles upon which it rests in general.

It is true that under *Anders/McClendon*, the focus of inquiry is whether the advocate conducts himself/herself in a fashion which fosters the client's interests, which, of necessity, requires counsel to act "to the best of his/her ability". See *Pernell Smith v. Com. of Pa. Bd. of Probation & Parole*, 524 Pa. 500, 574 A.2d 558, 564 (1990). How better to assure that the client's judicial-review concerns are being maximized than with some form of interaction between counsel and client. See *Commonwealth v. Wallace*, 322 Pa.Super. 157, 469 A.2d 230, 231–32 (1983).

Invariably, as noted by the Majority, all things reduce themselves to the ubiquitous "onerous burden" on the judicial system protestation versus the benefits to a defendant by availing the accused a certain modicum of procedure aimed at providing the *minimum* required under the law.

I do not equate the requirement of some form of interaction between attorney and client, in advance of counsel formulating a course of action intimately tied to the client's interests, to be without its benefits. See *Commonwealth v. Kennedy*, 417 Pa.Super. 154, 611 A.2d 1312 (1992). Surely the effort and energy to be expended by counsel appointed to represent a defendant in conversing is minimum in contrast to the liberty interests generally hanging in the balance. Also, the assiduous review by counsel knowledgeable in the law can only be enhanced with the defendant's input so as to chart the course to pursue.

Unlike the Majority, I am not willing to exclude a defendant from the judicial review equation. Ironically, the law jealously guards a defendant's right to be present and participate at the pre-trial, trial and post-trial phase of the criminal justice system. See, e.g., *Commonwealth v. Ragoli*, 362 Pa.Super. 390, 524 A.2d 933 (1987) (Verdict); *Commonwealth v. Brown*, 342 Pa.Super. 249, 492 A.2d 745 (1985) (Opinion in Support of Reversal by Popovich, J.) (Sentencing); *Commonwealth v. McLaurin*, 292 Pa.Super. 392, 437 A.2d 440 (1981) (Suppression). The accused has a right to be involved in matters affecting, ultimately, his liberty interests.

Yet, the Majority would discount the defendant's role and find illusory the defendant's right to be part of the judicial review process, which I find to be no less crucial than any other step in the criminal justice continuum.

Indeed, it is axiomatic that the attorney-client relationship begins with consultation. So, then, that relationship can only be terminated with consultation and not be an abrupt, unilateral act by the professional.

Ergo, to the extent that the Majority looks askance at the requirement that consultation be had between counsel and the defendant prior to deciding the merits of post-trial and appellate action in the context of a petition to withdraw by counsel, I respectfully dissent from such a position.