J-S26003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JUAN MIGUEL SERRANO-TORRES | |
| Appellant | No. 719 MDA 2016 |

Appeal from the PCRA Order April 12, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002943-2012

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 22, 2017**

Juan Miguel Serrano-Torres appeals from the April 12, 2016 order denying him PCRA relief.

Based upon the following events, Appellant was found guilty of second-degree murder, robbery, conspiracy, and carrying an unlicensed firearm.  At approximately 7:30 p.m. on April 12, 2012, Appellant and Josue Figueroa were standing in the 1300 block of Thompson Street, Harrisburg. The victim, Francisco Oquendo-Nieves, and an unidentified individual arrived in a car, and Figueroa sold drugs to the victim.  As Mr. Oquendo-Nieves was leaving the area, Appellant shot him in the back, and Figueroa removed money and drugs from the victim's pockets.

_____

* Former Justice specially assigned to the Superior Court.

The Commonwealth's evidence was as follows. During the afternoon of April 12, 2012, Veronica Ortiz overheard Appellant and Figueroa planning a robbery because they needed money, but they did not mention a particular victim or outline their plan. At the time, Figueroa was in possession of a firearm. Jodeci Saunders, who lived in the area, was an eyewitness to the crime and identified Appellant and Figueroa as the perpetrators. Wanda Baez-Lugo, a friend of Appellant, observed Appellant try to purchase a plane ticket to Puerto Rico after the incident, but he was unable to do so. Appellant admitted to Ms. Baez-Lugo that he robbed someone, took his money, and shot him once.

In April of 2012, Elizabeth Lopez was an acquaintance of Appellant and owed him money. Shortly after April 12, 2012, Appellant asked her to repay the debt so he could buy a ticket to Puerto Rico. Ms. Lopez was unable to give Appellant the money, but he returned on April 17, 2012, again seeking payment of the debt. At that time, Appellant revealed to Ms. Lopez he killed someone in the midst of robbing the person.

Jacqueline Arroyo, whom Appellant referred to as his wife, lived with Appellant during April 2012. Other people told Ms. Arroyo about the April 12, 2012 events, and, when she confronted Appellant, he informed her that he was trying to rob someone and shot him because he was running away. After hearing this admission, Ms. Arroyo kicked Appellant out of her home.

Detective Joseph A. Zimmerman was assigned to the murder. After ascertaining that Mr. Oquendo-Nieves was dead from a single gunshot, he contacted Mr. Oquendo-Nieves's girlfriend, Keyla Soto. As a result of their conversation, Detective Zimmerman believed that Figueroa was a witness to the crime, and Figueroa was asked by police to come to the police station. On April 13, 2012, Figueroa voluntarily appeared at the Harrisburg police station. Figueroa thereafter falsely identified two other men as the shooters; they were subsequently eliminated as suspects through police investigation. Figueroa eventually admitted that he and Appellant had planned to rob Mr. Oquendo-Nieves during a pre-arranged drug transaction. Figueroa told police that Appellant shot the victim. On April 19, 2012, Appellant was arrested at Ms. Baez-Lugo's home.

After Appellant was arrested, he and Figueroa were placed in adjacent holding cells. Police overheard them arguing, and they discussed the crime, how they hid the murder weapon, and that Appellant shot the victim. DNA on a cigarette at the scene of the crime included the DNA of Appellant and Figueroa. After hearing Figueroa's recorded confession, Appellant admitted to police that he killed Mr. Oquendo-Nieves.

Appellant litigated an unsuccessful motion to have his confession suppressed, and proceeded to a jury trial, where he was convicted of the above-delineated offenses on August 7, 2013. The trial court thereafter imposed a sentence of life imprisonment. Appellant filed an appeal, raising

two issues: 1) the trial court erred in denying his motion to suppress his inculpatory statement; and 2) the evidence was insufficient to support the verdict. We rejected those averments and affirmed. ***Commonwealth v. Serrano-Torres***, 105 A.3d 806 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 106 A.3d 725 (Pa. 2015)

Appellant filed a timely *pro se* PCRA petition, and counsel, Jennifer E. Tobias, Esquire, was appointed. Based upon a conflict of interest, Ms. Tobias moved to withdraw, and Bryan E. DePowell, Esquire, was appointed in her stead. Mr. DePowell thereafter filed a petition to withdraw and no-merit letter indicating why the myriad issues that Appellant raised in his *pro se* petition were meritless and indicating that his review of the record and prior counsel's files established that Appellant was not entitled to PCRA relief.

Appellant responded to the request to withdraw by contending that there were additional meritorious issues that Appellant wished to raise and that PCRA counsel should analyze them in his no-merit letter. On March 2, 2016, the trial court conducted an independent review of the record and granted counsel's petition to withdraw. The March 2, 2016 order also contains notice of the PCRA court's intent to dismiss the petition without a hearing. On April 12, 2016, the petition was denied, and Appellant timely filed the present appeal. He raises two issues on appeal:

> I. Whether the PCRA court erred as a matter of law and /or abused its discretion in allowing PCRA counsel to withdraw where

PCRA counsel failed to advance all of Appellant's claims for relief or certify their lack of merit?

II. Whether this matter should be remanded to the lower court for the appointment of new counsel and an evidentiary hearing where the claims as presented by Appellant, both within his pro se PCRA and response to counsel's motion to withdraw, if proven, would entitle Appellant to relief?

Appellant's brief at 4.

Initially, we observe, "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa.Super. 2016). Appellant's first issue in his statement of issues involved is that PCRA counsel failed to address and analyze certain issues that Appellant wanted to have raised.

Counsel can withdraw in the PCRA setting pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Our Supreme Court articulated in *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), that a *Turner/Finley* withdrawal is permitted if the following mandates are followed:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Id*. at 876 n. 1 (quoting **Finley**, 550 A.2d at 215).

Herein, in his no-merit letter, PCRA counsel addressed the seven issues raised in the *pro se* PCRA petition and demonstrated that they lacked merit. Additionally, PCRA counsel stated that he "carefully reviewed all pertinent documents, including a full review of client files from previous attorneys and the trial transcript." No-Merit Letter, 2/9/16, at 8. Mr. DePowell continued that in "the exercise of his professional judgment, [Mr. DePowell] believes the defendant is not entitled to post-conviction relief under the PCRA." *Id*. PCRA counsel reported that, "No genuine issues exist which would justify an evidentiary hearing." *Id*. at ¶ 24.

On appeal, Appellant first suggests that PCRA counsel should have raised the issues presented in Appellant's response to the withdrawal motion as they were issues that Appellant wanted to present to the PCRA court. Appellant is essentially challenging PCRA counsel's stewardship in failing to identify certain issues of merit when PCRA counsel reviewed the record and

the files of Appellant's prior lawyers and in concluding that there were no issues of merit that entitled Appellant to PCRA relief.[1]

The specific issues are that trial counsel ineffectively: 1) failed "to move for suppression of those statements" by Josue Figueroa that were inculpatory; 2) did not seek redaction of Appellant's name from Figueroa's confession; 3) did not object when the trial court failed to inform the jury that the length of time that Appellant was held in custody was pertinent to whether his confession was voluntary; 4) did not object when the trial court told the jury that there was a presumption of malice herein sufficient to support a finding of guilty as to second-degree murder; 5) neglected to complain about the trial court's improper definition of reasonable doubt during jury instructions; and 6) did not challenge on appeal the trial court's denial of a) Appellant's motion to sever his trial from that of Figueroa and b)

_____

[1] We note that Appellant does not suggest that counsel had a legal duty to consult with him, and there is no authority suggesting that the law imposes such a duty in this context. **Pitts** does not have, as one of its requirements, that PCRA counsel consult with his client. We have held that there is no duty to consult the defendant when counsel withdraws on direct appeal. **Commonwealth v. Torres**, 630 A.2d 1250 (Pa.Super. 1993). Counsel herein conducted the required review, addressed the numerous issues raised in the PCRA petition, and came to the conclusion that there were no other meritorious issues to raise that would warrant the grant of PCRA relief. In light of these circumstances and the precept that counsel is presumed to be effective, we do not view Appellant's assertion that he was not contacted to ascertain whether he wanted to raise other issues, which, as analyzed in the text, *infra*, lack merit, as sufficient to raise the specter of a violation of PCRA counsel's duties under **Pitts**.

request to proceed *pro se*. Appellant's brief at 12-13. We note that, while none of these averments was presented in the original *pro se* PCRA petition, they were raised in Appellant's reply to counsel's petition to withdraw.

We examine allegations of ineffective assistance of counsel under the following standards:

> Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id***. A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

> ***Commonwealth v. Busanet***, 618 Pa. 1, 54 A.3d 34, 35, 45 (2012). Furthermore, "in accord with these well-established criteria for review, an appellant must set forth and individually discuss substantively each prong of the *Pierce* test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016).

We consider Appellant's first allegation waived as undeveloped since he does not provide any legal authority for the proposition that he can seek to suppress a statement made by another person nor does he make any

attempt to prove why Figueroa's statement was obtained unconstitutionally. He merely presents this assertion in a single sentence. As our Supreme Court admonished in **Commonwealth v. Wharton**, 811 A.2d 978, 986 (Pa. 2002), "Claims of ineffective assistance of counsel are not self-proving" and "undeveloped arguments respecting counsel are insufficient to prove an entitlement to relief." **Accord Commonwealth v. Bracey**, 795 A.2d 935, 940 n.4 (Pa. 2001) ("a sentence that trial and appellate counsel were ineffective for failing to raise and/or properly litigate the underlying claims of error" constitutes "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims" and fails to "satisfy Appellant's burden of establishing that he is entitled to any relief.").

Appellant's second position, which is that PCRA counsel was ineffective when he did not raise the position that trial counsel should have objected to the admission of Figueroa's statement as it named Appellant, is minimally supported by Appellant's reference to **Bruton v. United States**, 391 U.S. 123 (1968). That case requires a defendant's name to be redacted when his co-defendant's confession is presented to a jury. However, our review of the trial transcript reveals that Appellant was not mentioned by name when the contents of Figueroa's confession were read to the jury. **See** N.T. Trial, 8/6-7/15, at 348-50 (Appellant is referred to as "the guy"). Thus, there was no

basis for PCRA counsel to argue that trial counsel should have objected under **Bruton**.

Appellant's third position is that PCRA counsel should have advanced the claim that trial counsel was ineffective for failing to argue that Appellant's confession was involuntary. That issue was previously litigated on direct appeal, wherein Appellant argued that the length of his detention before his confession rendered his waiver of his **Miranda** rights invalid and his confession involuntary. We analyzed and specifically rejected that averment. It is established that a PCRA petitioner cannot obtain relief on a claim that has been previously litigated. 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following . . . . the allegation of error has not been previously litigated[.]"). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). Herein, this Court, the highest court in which Appellant had review as of right, ruled that the length of time between the arrest and the administration of his **Miranda** rights did not render his confession unconstitutional. Hence, Appellant cannot obtain PCRA relief on the basis of this issue.

Appellant's fourth allegation is that PCRA counsel should have averred that trial counsel ineffectively neglected to object when the trial court told

the jury that it could make an inference that Appellant acted with malice. The evidence establishes that Appellant shot his victim in the back. It is established that "the finder of fact may infer malice and specific intent to kill based on the defendant's use of a deadly weapon on a vital part of the victim's body." ***Commonwealth v. Faurelus***, 147 A.3d 905, 912 (Pa.Super. 2016) (quoting ***Commonwealth v. Hitcho***, 123 A.3d 731, 746 (Pa. 2015)). Since Appellant shot the victim in a vital part of the body, trial counsel could not have objected to the trial court's statement that malice could be inferred in the present case. PCRA counsel had no basis upon which to suggest that this instruction would have warranted PCRA relief.

Appellant's fifth and sixth issues are undeveloped. In single sentences, he asserts that PCRA counsel should have advanced these positions: trial counsel ineffectively failed to object to the trial court's improper definition of reasonable doubt; trial counsel should have challenged on direct appeal the fact that his case should not have been consolidated with that of Figueroa; and trial counsel should have litigated on direct appeal the contention that the trial court improperly denied Appellant's request to proceed *pro se*. Appellant does not outline the given instruction on reasonable doubt, nor does he indicate how it conflicted with the legal definition of that term by citing to relevant law. Appellant fails to make any reference to the pertinent law on consolidation, nor does he establish how counsel could have challenged the consolidation ruling in question. Finally,

- 11 -

Appellant does not direct us to the place in the record where he even asked to proceed *pro se*, much less cite to applicable law and how it was violated by that denial. Hence, we find Appellant has not established his entitlement to relief on these undeveloped claims.

Thus, we hold that PCRA counsel was not ineffective for failing to file an amended PCRA petition presenting the issues raised in Appellant's response to PCRA counsel's petition to withdraw and no-merit letter.

Appellant's second claim is that he is entitled to remand for the appointment of new PCRA counsel and an evidentiary hearing because the issues raised in his *pro se* PCRA petition, as well as those contained in his response to counsel's motion to withdraw, entitle Appellant to PCRA relief. Once again, Appellant wholly fails to develop this argument. Indeed, in this section of his brief, Appellant does not even mention the issues that supposedly warranted a grant of PCRA relief.

Our review of counsel's no-merit letter establishes that he properly analyzed the contentions raised in Appellant's *pro se* PCRA petition. Our discussion of Appellant's first averment raised on appeal resolves his position that he was entitled to PCRA relief on the basis of the issues raised in response to PCRA counsel's no-merit letter. Hence, we reject Appellant's second allegation raised on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2017