[J-1-2019] [MO: Baer, J.]
**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 13 EAP 2018 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on July 12, 2017 at |
| | : | 3251 EDA 2015 (reargument denied |
| v. | : | September 13, 2017) affirming and |
| | : | remanding the PCRA Order entered |
| | : | on October 715 in the Court of |
| JEROME KING, | : | Common Pleas, Philadelphia County, |
| | : | Criminal Division at No. CP-51-CR- |
| Appellee | : | 0706191-2005. |
| | : | |
| | : | SUBMITTED:  January 15, 2019 |

**DISSENTING OPINION**

**JUSTICE DOUGHERTY**                                    **DECIDED:  July 17, 2019**

I respectfully dissent and would hold the PCRA court abused its discretion in granting appellee's motion to preclude the Commonwealth from privately interviewing trial counsel.  As a basis for holding the PCRA court did not abuse its discretion by "enter[ing] an order crafted to the specific arguments presented by the parties and the particular circumstances of this case," Majority Opinion, slip op. at 11, the majority quotes from the PCRA court's order, which enumerated a number of circumstances unique to this case.[1] *See id.* at 10.  However, it is clear from the PCRA court's opinion that it grounded its decision upon a concern that trial counsel would divulge still-privileged information to the

---

[1] As the majority relies upon the PCRA court's order for its holding, I agree with Justice Mundy that its holding "should be narrowly construed based on the unique set of circumstances before [the Court]" and "should not be read to stand for the proposition that the Commonwealth is generally prohibited from communicating with trial counsel in preparation for an evidentiary hearing."  Concurring Opinion (Mundy, J.), slip op. at 1.

Commonwealth in the private interview. Specifically, the PCRA court stated "in order to ensure that trial counsel [ ] did not violate his continuing duty of loyalty to [appellee] and disclose confidential information to the Commonwealth, [I] ordered that the Commonwealth be precluded from speaking with trial counsel prior to the evidentiary hearing on trial counsel's ineffectiveness." PCRA Court Opinion, 1/22/16 at 7

The attorney-client privilege has been codified by our legislature and acts to bar counsel from disclosing confidential information in all criminal proceedings unless the client waives the privilege. *See* 42 Pa.C.S. §5916. Waiver of the privilege occurs where the client claims ineffective assistance of counsel as a basis for PCRA relief. *See* 42 Pa.C.S. §9545(d)(3). Of course, the privilege is waived only as to the discrete claim or claims at issue and the privilege remains intact for all matters not implicated by the ineffectiveness claim. *See id. See also Commonwealth v. Flor*, 136 A.3d 150, 160-61 (Pa. 2016). However, courts should not presume attorneys faced with allegations of ineffectiveness will act unethically and reveal information irrelevant to the ineffectiveness claim, but instead should presume those attorneys will "honor [their] professional responsibility to [their] client" by acting professionally and ethically. *Commonwealth v. Philistin*, 53 A.3d 1, 31 (Pa. 2012) (internal quotation and citation omitted). *See also Commonwealth v. Torres*, 630 A.2d 1250, 1253 (Pa. Super. 1993) (*en banc*) ("[C]ounsel is presumed to act professionally and ethically").

Rather than following these principles of law and presuming trial counsel would act ethically and refrain from disclosing still-privileged information in his interview with the Commonwealth, the PCRA court instead assumed the interview would delve into still-privileged information, without any evidence in the record to support its assumption.[2] *See*

---

[2] The following exchange between PCRA counsel and the PCRA court at the hearing on appellee's motion to preclude demonstrates the record was devoid of any evidence

PCRA Court Opinion, 1/22/16 at 20 ("[T]his [c]ourt deferred disclosure of privileged information until a court-supervised proceeding where this [c]ourt could monitor the extent of trial counsel's disclosures and ensure that [appellee's] important interests be protected by the continuing rules of confidentiality."). For these reasons, I would hold the PCRA court abused its discretion by precluding the Commonwealth from privately interviewing trial counsel based on an unfounded presumption trial counsel would divulge still-privileged information.

---

suggesting trial counsel would have revealed still-privileged information in the private interview with the Commonwealth:

> **PCRA Counsel:** Under what circumstances does a lawyer say, [y]ou know what, I'm going to jam [up] my former client. I'm going to hurt him. We don't allow that. You should not allow that. He can still defend himself. We can still get at the truth. The Commonwealth - -
>
> **PCRA Court:** I'm sorry, **where does it say that [trial counsel] thought that he was going to jam up** - -
>
> **PCRA Counsel: I didn't say that he would.** This is a protective measure to make sure that he doesn't.

N.T. 10/6/15 at 13 (emphasis added).