JUSTICE DOUGHERTY, Dissenting
I respectfully dissent and would hold the PCRA court abused its discretion in granting appellee's motion to preclude the Commonwealth from privately interviewing trial counsel. As a basis for holding the PCRA court did not abuse its discretion by "enter[ing] an order crafted to the specific arguments presented by the parties and the particular circumstances of this case," Majority Opinion, at 514, the majority quotes from the PCRA court's order, which enumerated a number of circumstances unique to this case.[1] See id. at 513-14. However, it is clear from the PCRA court's opinion that it grounded its decision upon a concern that trial counsel would divulge still-privileged information to the Commonwealth in the private interview. Specifically, the PCRA court stated "in order to ensure that trial counsel [ ] did not violate his continuing duty of loyalty to [appellee] and disclose confidential information to the Commonwealth, [I] ordered that the Commonwealth be precluded from speaking with trial counsel prior to the evidentiary hearing on trial counsel's ineffectiveness." PCRA Court Opinion, 1/22/16 at 7.
The attorney-client privilege has been codified by our legislature and acts to bar counsel from disclosing confidential information in all criminal proceedings unless the client waives the privilege. See 42 Pa.C.S. § 5916. Waiver of the privilege occurs where the client claims ineffective assistance of counsel as a basis for PCRA relief. See 42 Pa.C.S. § 9545(d)(3). Of course, the privilege is waived only as to the discrete claim or claims at issue and the privilege remains intact for all matters not implicated by the ineffectiveness claim. See id. See also Commonwealth v. Flor , 635 Pa. 314, 136 A.3d 150, 160-61 (2016). However, courts should not presume attorneys faced with allegations of ineffectiveness will act unethically and reveal information irrelevant to the ineffectiveness claim, but instead should presume those attorneys will "honor [their] professional responsibility to [their] client" by acting professionally and ethically. Commonwealth v. Philistin , 617 Pa. 358, 53 A.3d 1, 31 (2012) (internal quotation and citation *519 omitted). See also Commonwealth v. Torres , 428 Pa.Super. 283, 630 A.2d 1250, 1253 (1993) (en banc ) ("[C]ounsel is presumed to act professionally and ethically").
Rather than following these principles of law and presuming trial counsel would act ethically and refrain from disclosing still-privileged information in his interview with the Commonwealth, the PCRA court instead assumed the interview would delve into still-privileged information, without any evidence in the record to support its assumption.[2] See PCRA Court Opinion, 1/22/16 at 20 ("[T]his [c]ourt deferred disclosure of privileged information until a court-supervised proceeding where this [c]ourt could monitor the extent of trial counsel's disclosures and ensure that [appellee's] important interests be protected by the continuing rules of confidentiality."). For these reasons, I would hold the PCRA court abused its discretion by precluding the Commonwealth from privately interviewing trial counsel based on an unfounded presumption trial counsel would divulge still-privileged information.

Our review of the Superior Court's assessment of a PCRA court's discretionary decision "is not deferential, but plenary and de novo." Commonwealth v. Hoover , 630 Pa. 599, 107 A.3d 723, 729 (2014).

In Harris , the Commonwealth was prohibited from consulting with or retaining the expert psychologist who testified on the defendant's behalf at trial, despite the fact that the defendant premised his ineffective assistance of counsel claim in his PCRA petition upon trial counsel's reliance on the expert psychologist's deficient testimony. However, the Commonwealth was permitted to call the psychologist to testify as a fact witness to the extent that Harris waived the psychologist-client privilege by placing privileged material at issue. Harris , 32 A.3d at 252-53.
In Flor , this Court found that the PCRA court abused its discretion in ordering wholesale disclosure of trial counsel's complete records without permitting a privilege review. "As in Harris , the mere potential that the PCRA court's order will force the disclosure of privileged materials requires reversal of the PCRA court's discovery order." Flor , 136 A.3d at 160. We therefore remanded with directions to the PCRA court to permit PCRA counsel to determine what portions of trial counsel's file remained privileged. Id. at 161.