IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emilio Javier Quinones-Perez,        :
                  Petitioner     :
                            :    No. 1458 C.D. 2016
         v.                 :
                            :    Submitted: February 3, 2017
Pennsylvania Board of Probation   :
and Parole,                    :
                  Respondent   :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: April 11, 2017

Presently before this court is the application of Richard C. Shiptoski, Esquire (Counsel) of the Luzerne County Public Defender's Office for leave to withdraw as counsel on behalf of Emilio Javier Quinones-Perez (Quinones-Perez). Counsel seeks leave to withdraw on the grounds that Quinones-Perez's petition for review is without merit.

On July 29, 2013, Quinones-Perez pled guilty to a drug charge of Manufacture, Sale, Deliver or Possession With Intent to Deliver. Quinones-Perez's minimum sentence date was April 30, 2014, and his original maximum sentence date was March 15, 2017. (Certified Record (C.R.) at 1-3.)

On May 1, 2014, Quinones-Perez was released on parole. The conditions governing his parole, which Quinones-Perez acknowledged with his

signature on that date, specifically advised him that if he was convicted of a crime while on parole, the Board had the authority to recommit him to serve the balance of his sentence, with no credit for time spent at liberty on parole. (C.R. at 4-9.)

On October 29, 2014, Quinones-Perez was arrested by agents of the Pennsylvania Office of Attorney General and charged with two counts of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver Heroin, a Schedule I Controlled Substance, and one count of Criminal Conspiracy to Possess With Intent to Deliver. Quinones-Perez was confined in lieu of bail on these charges and on the Board's warrant until January 7, 2015, when bail was modified to unsecured bail. (C.R. at 10-19.) On January 13, 2015, Quinones-Perez was returned to the State Correctional Institution at Camp Hill (SCI Camp Hill), pending his parole violation. (C.R. at 53.)

On August 7, 2015, Quinones-Perez pled guilty to two counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver and one count of Conspiracy - Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver. (C.R. at 18-38.)

On November 13, 2015, Quinones-Perez waived his right to counsel and a revocation hearing. (C.R. at 39-49.) By decision mailed January 6, 2016, the Board recommitted Quinones-Perez as a convicted parole violator (CPV) to serve his unexpired term, when available, pending sentencing on his Dauphin County conviction. On February 12, 2016, Quinones-Perez was sentenced to 2 to 4 years on three counts of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver. (C.R. at 50-57.)

By decision mailed March 30, 2016, the Board ordered that Quinones-Perez serve his unexpired term of 1 year, 9 months, 9 days, and recalculated his parole violation maximum date to be November 21, 2017. (C.R. at 57-59.)

On April 15, 2016, Quinones-Perez filed an administrative appeal, challenging his recommitment. He argued his custody return date of February 12, 2016 is wrong and should be January 13, 2015, when he was returned to SCI Camp Hill. (C.R. at 60-62.)

By letter mailed August 2, 2016, the Board denied Quinones-Perez's petition. The Board stated that, pursuant to Section 6138(a)(2) of the Pennsylvania Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2), he was not entitled to receive credit for any periods he was at liberty on parole. The Board explained that when Quinones-Perez was released on parole on May 1, 2014, he had an unserved balance of 1049 days on his sentence. He then received 401 days of credit on his original sentence from January 7, 2015 to February 12, 2016, when he became available to the Board. When the remaining 648 days of his sentence were calculated, the result was a parole maximum date of November 21, 2017. (C.R. at 63-64.)

On August 30, 2016, Quinones-Perez filed an appeal to this Court, and on September 1, 2016, this Court appointed Counsel to represent Quinones-Perez.

On November 15, 2016, Counsel mailed Quinones-Perez a true and correct copy of a petition for leave to withdraw as counsel and a brief complying with *Anders v. State of California*, 386 U.S. 738 (1967), in support of petition for leave to withdraw as counsel with a letter informing Quinones-Perez that, after a conscientious review of the record and applicable case law and statutes, Quinones-Perez's appeal lacks merit and is wholly frivolous. Counsel advised Quinones-Perez that he has a right to hire a private attorney to pursue the appeal and urged him to do so as soon as possible or to represent himself by filing a supplemental brief, *pro se*, raising any issues that Quinones-Perez feels have merit. Counsel forwarded copies of this petition, brief, and letter to Quinones-Perez and the Board.

On November 28, 2016, Counsel filed his petition for leave to withdraw the *Anders* brief with this Court.

In order for court appointed counsel to withdraw, Counsel must 1) notify the parolee of his request to withdraw, 2) provide the parolee with either a copy of an *Anders* brief or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and 3) inform the parolee of his right to retain new counsel or submit a brief on his own behalf. *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760-61 (Pa. Cmwlth. 1985). An *Anders* brief or no-merit letter must establish 1) the nature and extent of counsel's review of the case, (2) the issues the parolee wishes to raise on appeal, and (3) counsel's analysis concluding that the appeal has no merit and is frivolous. *Encarnacion v. Pennsylvania Board of Probation & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010).

Here, by letter dated November 15, 2016, Counsel notified Quinones-Perez of his intention to withdraw as counsel; provided him copies of the petition for leave to withdraw as counsel and the supporting *Anders* brief; advised him of his right to hire a private attorney to pursue the appeal, urged him to do so as soon as possible, or that he may proceed *pro se*; and advised him that he may contact Counsel's office if he had any questions.

In the *Anders* brief, Counsel summarizes the procedural history and relevant facts; raises two arguments on behalf of Quinones-Perez; and explains his determination that an appeal of the Board's decision is frivolous and without merit on each count, with citations to relevant case law and statutes. Given that Counsel notified Quinones-Perez of the request to withdraw, provided him with a copy of the *Anders* brief identifying and addressing the issues Quinones-Perez sought to raise and finding them meritless, and informed Quinones-Perez of his right to

retain new counsel or proceed *pro se*, we are satisfied that Counsel has complied with the procedural requirements.

Turning our attention to the merits, Quinones-Perez first contends that the Board erred in recommitting him for his conviction of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver beyond the presumptive range for that crime. Quinones-Perez argues that this charge has a statutory maximum not exceeding five years and that the presumptive range should be 9 to 15 months, not the unexpired term of 1 year, 9 months, and 9 days. However, as Counsel explained, Quinones-Perez did not raise this argument in his administrative appeal. Indeed, in his April 15, 2016 request for administrative relief (C.R. at 60), Quinones-Perez failed to specifically raise any allegations of error with respect to the Board recommitting him beyond the presumptive range. Rather, Quinones-Perez merely asserted that his custody return date was wrong.

In *McDaniel v. Pennsylvania Board of Probation and Parole*, 587 A.2d 42, 45 (Pa. Cmwlth. 1991), this Court held that issues not raised by a CPV before the Board in an administrative appeal are waived for purposes of appellate review by this court. Because Quinones-Perez did not raise any issue regarding presumptive ranges in his administrative appeal, this issue is waived and will not be considered by this Court.[1]

Next, Quinones-Perez contends his custody for return date, February 12, 2016, is incorrect, thus resulting in an incorrect parole violation maximum date

---

[1] Even if not waived, we note that Quinones-Perez pled guilty to a violation of Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act (Act), 35 P.S. § 780-113(a)(30), a felony which carries a sentence of up to 15 years under Section 13(a)(f)(1) of the Act. 35 P.S. § 780-113(a)(40)(f)(1). Section 75.20 of the Board of Probation and Parole's presumptive ranges for convicted parole violators provide for a presumptive range of 24 to 26 months for a felony drug law violation with a statutory maximum of 15 years. 37 Pa. Code § 75.2.

of November 21, 2017. Quinones-Perez argues his custody return date should be January 13, 2015, the date he was returned to SCI Camp Hill.

When a defendant is held in custody solely on a detainer by the Board, and has otherwise met the requirements for bail, the time he spent in custody shall be credited against his original sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). Further, Section 6138(a)(4) provides, "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 P.S. § 6138(a)(4).

Here, Quinones-Perez had 1049 days left on parole when he was released on parole. After his arrest on October 29, 2014, he was confined in lieu of bail on the charges and the Board's warrant until January 7, 2015, when bail was modified to unsecured bail. From January 7, 2015 to February 12, 2016, when he was sentenced to 2 to 4 years, Quinones-Perez was confined solely on the Board's warrant, and thus he was entitled to, and did in fact receive, credit for those 401 days. Since February 12, 2016 was the date he became available to serve his unexpired term, the remaining 648 days (1 year, 9 months, and 9 days) were added to Quinones-Perez's custody for return date, properly resulting in a new parole violation maximum date of November 21, 2017.

However, even if Quinones-Perez's return date had commenced on January 13, 2015, his parole violation maximum date would still be November 21, 2017. Quinones-Perez would be entitled for credit for the six days spanning from January 7, 2015 to January 13, 2015, when he was solely held on the Board's warrant, leaving him owing 1043 days. When those 1043 days are added to January 13, 2015, the resulting parole maximum violation date is still November 21, 2017. Therefore, we conclude that the Board's calculation is correct and that Quinones-Perez's appeal is without merit.

6

Accordingly, we grant Counsel's petition for leave to withdraw, and we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emilio Javier Quinones-Perez,      :
         Petitioner          :
                         :    No. 1458 C.D. 2016
         v.                  :
                         :
Pennsylvania Board of Probation     :
and Parole,                 :
         Respondent       :

## ***ORDER***

AND NOW, this 11th day of April, 2017, the application for leave to withdraw as counsel filed by Richard C. Shiptoski, Esquire, is granted. The order of the Pennsylvania Board of Probation and Parole, dated August 2, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge