598 A.2d 607

**Robert FRANKHOUSER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 19, 1991.

Decided Oct. 18, 1991.

Mitchell A. Kaufman, for petitioner.

Robert Greevy, for respondent.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

The Allegheny County Public Defender's Office seeks to withdraw as appointed counsel for the petitioner, Robert

Frankhouser. In order to review this request, we shall first address the applicable standards for withdrawal and then the merits of the petition for review.

■ Before our Supreme Court's decision in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), counsel appointed to represent an indigent accused was required to satisfy the rigorous requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), which permitted counsel to withdraw only if counsel averred, and the court found, that the appeal was "frivolous." In *Turner*, when faced with a request to withdraw in a post conviction relief proceeding, our Supreme Court interpreted the U.S. Supreme Court's decision in *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) to permit counsel to withdraw if counsel found, and the court agreed, that the appeal was without merit. We subsequently purported to adopt the *Turner* standards when assessing the merit of counsels' requests to withdraw in parole revocation appeals in *Epps v. Board of Probation and Parole*, 129 Pa.Commonwealth Ct. 240, 565 A.2d 214 (1989). In *Epps*, this court stated that rather than requiring counsel to satisfy the requirements of *Anders* and *McClendon*, appointed counsel may file a "no merit" letter. The "no merit" letter must contain (1) the nature and extent of counsel's review, (2) the issues petitioner wishes to raise, and (3) counsel's analysis in concluding petitioner's appeal to be frivolous. *Epps* 129 Pa.Commonwealth Ct. at 244, 565 A.2d at 216.

In the present case, counsel contends that Frankhouser's appeal is frivolous. However, notwithstanding our reference to *Epps* as to item (3) above, counsel needs only to allege that the parolee's appeal is without merit, in accordance with the less stringent requirements enunciated in *Turner*. The *Turner* case does not require that counsel allege that the parolee's appeal is frivolous, as we stated in *Epps*.

Thus, in accordance with *Turner*, this court will make an independent evaluation of the proceedings before the board to determine whether Frankhouser's appeal is meritless.

 The relevant facts are as follows. On April 9, 1987, the board paroled Frankhouser from a 10 to 20 year sentence he was serving in the state correctional institution at Camp Hill. On January 31, 1989, the police arrested Frankhouser and charged him with theft and receiving stolen property. The board filed a warrant to commit and detain on the same day.

On October 5, 1989, the Court of Common Pleas of Mifflin County sentenced Frankhouser to serve three concurrent terms of imprisonment of 3½ to 7 years for theft and receiving stolen property. The court also ordered that Frankhouser receive credit for the time served since January 31, 1989.

As a result of Frankhouser's convictions, the board issued a decision on January 18, 1990 recommitting Frankhouser to a state correctional institution as a convicted parole violator (CPV) to serve 24 months of backtime. The decision stated that Frankhouser would be reparoled on January 18, 1992 to a detainer sentence.

On March 5, 1990, U.S. Marshals lodged a detainer against Frankhouser. On August 10, 1990, Frankhouser pleaded guilty in federal court to possession of a firearm and tampering with a witness. On November 8, 1990, the U.S. District Court for the Middle District of Pennsylvania sentenced Frankhouser to concurrent terms of imprisonment of 15 years and 5 years.

Because of Frankhouser's criminal conviction in federal court, the board held a revocation hearing on December 5, 1990. In a decision mailed January 28, 1991, the board referred to its decision of January 18, 1990 recommitting Frankhouser as a CPV to serve 24 months of backtime and rescinded the January 18, 1992 reparole date due to the federal sentence. The board added no backtime for the offenses of unlawful possession of a firearm and conspiring

to tamper with a federal witness. The board denied Frankhouser's request for administrative relief and this appeal followed.

The petition for review states that the time Frankhouser spent in state custody from February, 1989 until his transfer to federal authorities satisfies the board's 24 month recommitment order. Our review of the record indicates that although Frankhouser is not entitled to receive credit on his backtime from February, 1989 until his transfer to federal custody, he may be entitled to receive credit on his backtime from January 18, 1990 until his transfer to federal custody.

Although the board issued a warrant to commit and detain on January 31, 1989, the date of Frankhouser's arrest, the time Frankhouser spent in custody, before the court's sentencing on the new charges, must be credited to his new sentence of 3½ to 7 years. Where, as here, a parolee is incarcerated following a new arrest and does not post bail, the time spent in jail is not credited to the original sentence upon recommitment as a CPV because the parolee was not incarcerated solely on the board warrant. *Smith v. Pennsylvania Board of Probation and Parole*, 131 Pa.Commonwealth Ct. 360, 570 A.2d 597 (1990). Hence, because Frankhouser did not post bail, the time spent in custody from January 31, 1989, until his Mifflin County sentencing on October 5, 1989, is properly credited towards his 3½ to 7 year concurrent sentences.

Section 21.1(a) of the Act of August 6, 1941 (Act), P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. § 331.21a(a), governs the order in which sentences and backtime are served. Backtime is served before the commencement of the new sentence in two instances: (1) when the parolee is paroled from a state institution and the new sentence is to be served in a state institution and (2) when the parolee is paroled from a county institution and the new sentence is to be served in the same county institution. Section 21.1(a) provides that,

in all other cases, the parolee must serve the new sentence before the backtime.

In this case, Frankhouser may be entitled to receive credit on his backtime from January 18, 1990, the date the board issued its order recommitting Frankhouser as a CPV, until his transfer to federal custody. Frankhouser was paroled from a state institution and sentenced to a state institution. Thus, section 21.1(a) requires Frankhouser to serve his backtime before the commencement of his new state sentence. However, in accordance with section 21.1(a) Frankhouser must serve the federal sentence, imposed on November 8, 1990, before the remainder of his backtime.

Hence, although Frankhouser is not entitled to receive credit on his backtime from January 31, 1989 until he began serving his federal sentence, he may be entitled to receive credit on his backtime from January 18, 1990, the date of the board's initial recommittment order, until he began serving his federal sentence.

Our review of the record indicates that Frankhouser's appeal is not meritless. Accordingly, counsel's petition to withdraw is denied. Counsel is directed to file a brief on behalf of Frankhouser addressing the issue of backtime.

## ORDER

Now, October 18, 1991, the Petition for Leave to Withdraw filed by the Allegheny Public Defender's Office is denied. Counsel is ordered to file a brief within thirty days.

Additionally, Frankhouser's pro se petition for backtime is dismissed as moot.