# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Ruffin,                                    :
               Petitioner            :
                                       :
               v.                    :   No. 2038 C.D. 2016
                                         :   Submitted: May 5, 2017
Pennsylvania Board of Probation    :
and Parole,                                      :
               Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                      **FILED:  July 13, 2017**

Before this Court is the petition of Lamar Ruffin for review of a determination of the Pennsylvania Board of Probation and Parole (Board), which dismissed Ruffin's petition for administrative review of a decision by the Board recommitting Ruffin as a convicted parole violator to serve 24 months of backtime[1] and recalculating his parole violation maximum date.  Also before this Court is the application of Michelle M. Alaskey, Esq., the Forest County Public Defender (Counsel), for leave to withdraw as counsel for Ruffin on the grounds that the

---

[1] "'Backtime' is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016).

petition for review is frivolous. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the determination of the Board.

On December 22, 2011, Ruffin was released on parole from the State Correctional Institution (SCI) at Albion; at the time of his release, Ruffin had a parole maximum violation date of June 10, 2017 based on an 8 to 16 year sentence imposed by the Court of Common Pleas of Philadelphia County in 2002. (Certified Record (C.R.) at 1-2, 9-12.) As part of the conditions for his parole, Ruffin was required to submit to and achieve negative results on random drug and alcohol screening tests. (C.R. at 10, 14, 16.) On June 26, 2013, the Board issued a Warrant to Commit and Detain Ruffin based on a drug test that was positive for marijuana. (C.R. at 17-18, 23-24.) Following a hearing, the Board determined that Ruffin committed a technical violation of his parole conditions, and he was detained in a parole violation center facility until completion of the required programming on August 26, 2013. (C.R. at 25, 36-37, 66-67.)

On February 26, 2014, Ruffin was arrested and charged in the City of Philadelphia with offenses related to the possession and distribution of controlled substances; Ruffin was held on bail of $5,000. (C.R. at 26-27, 29-30, 53.) On that same day, the Board issued a Warrant to Commit and Detain Ruffin. (C.R. at 28.) Following a hearing, the Board issued a notice of decision on April 4, 2014 notifying Ruffin that he was being detained pending the disposition of his criminal charges. (C.R. at 41.) On April 29, 2014, Ruffin's monetary bail requirements were lifted and he was released on his own recognizance. (C.R. at 30, 32, 44, 53.) Ruffin remained incarcerated on the Board's warrant, however, and he was transferred to the custody of the Department of Corrections (Department) on May 7, 2014. (C.R. at 43, 52, 96.)

2

On April 8, 2015, Ruffin pleaded guilty in the Court of Common Pleas of Philadelphia County to one count each of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance, Possession of a Controlled Substance, and Conspiracy to Manufacture, Deliver or Possess with Intent to Manufacture or Deliver a Controlled Substance. (C.R. at 54, 59.) On that same day, Ruffin's bail was revoked by the Court of Common Pleas. (C.R. at 30, 32, 53, 58.) On June 12, 2015, Ruffin was sentenced to a term of imprisonment of 9 to 18 months in a county prison, with credit for time served from February 25, 2014 to June 12, 2015 and with a parole effective date of November 24, 2014. (C.R. at 54, 59, 90.)

Following the Board's receipt of verification of Ruffin's conviction, a parole revocation hearing was held on September 22, 2015. (C.R. at 62, 70-89.) By a decision recorded on October 21, 2015 and mailed on November 9, 2015, the Board revoked Ruffin's parole, recommitted him as a convicted parole violator to an SCI to serve 24 months backtime and recalculated his parole violation maximum date as October 21, 2019. (C.R. at 92-93.) In recalculating the maximum date, the Board determined that Ruffin was entitled to credit for the period when he was held as a technical parole violator from June 26, 2013 to August 26, 2013 and for the period when Ruffin was held solely on the Board's detainer from April 29, 2014 to April 8, 2015. (C.R. at 94.) Ruffin did not appeal this decision.

By a decision recorded on April 26, 2016 and mailed on May 5, 2016, the Board issued a decision denying re-parole and stating that his parole status would next be reviewed on or after April 2017. (C.R. at 98-99.) Petitioner thereafter submitted a *pro se* "Request for Administrative Review" challenging the

3

recalculation of his parole maximum date, arguing that such an action by the Board was a usurpation of the power of the sentencing court, violating the separation of powers doctrine and Ruffin's due process rights. (C.R. at 100-104.) Though undated, a timestamp on the Request indicates that it was received by the Board on May 13, 2016. (C.R. at 100.) In addition, Ruffin sent a letter to the Board, received on June 7, 2016, in which he inquired as to "the status of my 'administrative relief' I sent in on 5-4-16." (C.R. at 106.) On December 5, 2016, the Chief Counsel for the Board sent a letter to Ruffin in response to Ruffin's Request for Administrative Review, stating that the decision establishing his parole violation maximum date was mailed on November 9, 2015, and he was required to appeal that decision within 30 days of the mailing date pursuant to Board regulations. (C.R. at 108.) As the appeal was not received within the applicable period, the Chief Counsel for the Board informed Ruffin that his Request for Administrative Review was dismissed as untimely. (*Id.*)

Ruffin filed a *pro se* petition for review of the Board's dismissal of his Request for Administrative Review with this Court. Ruffin also filed an application to proceed *in forma pauperis*; by a December 22, 2016 *per curiam* order, this Court granted Ruffin permission to proceed *in forma pauperis* and appointed the Forest County Public Defender to represent Ruffin in this matter. On February 27, 2017, Counsel filed her application for leave to withdraw as counsel for Ruffin and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988). Ruffin thereafter filed a *pro se* brief in support of his petition for review, and the Board filed a brief in response.

When evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, this Court must first determine

4

whether counsel has satisfied the technical requirements of: (i) notifying the inmate of the request to withdraw; (ii) furnishing the inmate with a copy of a no-merit letter or a brief satisfying the requirements of *Anders v. California*, 386 U.S. 738 (1967);[2] and (iii) advising the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760 (Pa. Cmwlth. 1985); *see also Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-25 (Pa. Cmwlth. 2009) (*en banc*); *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992). Only once appointed counsel has fully complied with the technical requirements for withdrawal will the court independently evaluate the proceedings before the Board to determine whether the appeal is frivolous or without merit. *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998); *Hont v. Pennsylvania Board of Probation and Parole,* 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (*en banc*); *Wesley*, 614 A.2d at 356.

---

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Alternatively, where the parolee has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a *Turner* no-merit letter instead of an *Anders* brief; a no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. *Turner*, 544 A.2d at 928; *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 & n.4 (Pa. Cmwlth. 2010); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*). Ruffin has only a statutory right to counsel, and therefore only a no-merit letter is required. *Seilhamer*, 996 A.2d at 42 n.4; *Hughes*, 977 A.2d at 25-26.

Counsel has satisfied the procedural requirements for withdrawal. Counsel sent Ruffin a letter, dated February 27, 2017 and attached it as an exhibit to the petition for leave to withdraw, which informs Ruffin of Counsel's determination that there were no non-frivolous[3] issues in the appeal and that Ruffin could retain an attorney or submit his own brief, which Ruffin has done. Counsel's no-merit letter adequately summarizes the procedural history and relevant facts, discusses the issues of whether Ruffin's administrative appeal was timely filed and whether the Board's extension of Ruffin's maximum date unconstitutionally usurps the judicial power, and explains her determination that any appeal of the Board's decision is frivolous, with citations to the relevant case law and regulations.

Because Counsel has satisfied the procedural requirements for withdrawal, we next independently evaluate the proceedings before the Board to determine whether the appeal is meritless.[4] *Hughes*, 977 A.2d at 25; *Frankhouser v. Pennsylvania Board of Probation and Parole*, 598 A.2d 607, 608-09 (Pa. Cmwlth. 1991). We first address Counsel's conclusion that the Board correctly dismissed Ruffin's Petition for Administrative Review as untimely.

The Board's Rules of Administrative Practice and Procedure provide that an appeal or petition for administrative review of a revocation decision must

---

[3] Though Counsel submitted a no-merit letter, Counsel analyzed Ruffin's appeal pursuant to the frivolousness standard of an *Anders* brief. *Compare Santiago*, 978 A.2d at 361 *with Turner*, 544 A.2d at 928*; see also Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 562 (Pa. 1990) (describing difference between lack-of-merit and frivolousness standards); *Zerby v. Shanon*, 964 A.2d 956, 959-61 (Pa. Cmwlth. 2009) (same). However, because a no-merit letter was sufficient here, we will apply the lack-of-merit standard. *Hughes*, 977 A.2d at 26 n.4.

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa. C.S. § 704; *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

6

be received within 30 days of the mailing date of the Board's order. 37 Pa. Code § 73.1(a)(1), (b)(1); *see also* 61 Pa. C.S. § 6113(d)(1); *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). However, as this Court has held, the prisoner mailbox rule applies to *pro se* appeals of Board decisions and therefore a parolee's appeal is deemed filed when provided to the Department for mailing to the Board. *Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502-03 (Pa. Cmwlth. 2008); *Coldren v. Pennsylvania Board of Probation and Parole*, 795 A.2d 457, 459 (Pa. Cmwlth. 2002). The 30-day period for an appeal of a revocation decision is jurisdictional and cannot be extended absent a showing of fraud, a breakdown of the administrative process, non-negligent circumstances affecting the parolee, or the intervening negligence of the parolee's appointed counsel which deprives the parolee effective assistance of counsel. *Smith*, 81 A.3d at 1094; *Larkin v. Pennsylvania Board of Probation and Parole*, 555 A.2d 954, 957-58 (Pa. Cmwlth. 1989).

In this matter, the determination of the Board recalculating Ruffin's parole violation maximum date was mailed on November 9, 2015. Therefore, Ruffin would have had until December 9, 2015 to deliver an appeal or petition for administrative review to Department personnel so that they could mail it to the Board. Ruffin's Request for Administrative Review is undated, however, it was timestamped as being received by the Board on May 13, 2016, and Ruffin stated in a later correspondence to the Board that he mailed this administrative appeal on May 4, 2016. Ruffin has not, either before the Board or to this Court, alleged that he delivered the Request for Administrative Review to Department personnel prior to December 9, 2015 and the Department delayed in mailing it. Nor has Ruffin articulated any other reason or argument to justify his late appeal from the Board

decision mailed on November 9, 2015. Rather, Ruffin states in his brief to this Court that "[o]n 5-6-16 parolee sent a untimely Administrative Relief in to recalculate parolee's time because the [Board] had errored that the parole had that much time to max out [sic]." (Ruffin Brief at 1.) While the Board mailed a subsequent decision on May 5, 2016 denying Ruffin re-parole and the Request for Administrative Review would have been timely lodged in response to that later decision, Ruffin's administrative appeal does not object to his denial of re-parole and instead only challenges the Board's authority to recalculate the maximum date. Although the Board decision mailed on May 5, 2016 also stated Ruffin's new maximum date, the recalculation of the maximum date was rendered in the November 9, 2015 decision. Accordingly, we agree with Counsel that the Board properly dismissed Ruffin's Request for Administrative Review as untimely and any argument to the contrary would be without merit.

Moreover, as Counsel points out in her no-merit letter, even if the Request for Administrative Review was timely, Ruffin's argument that the Board exceeded its authority in recalculating his maximum date is without merit. Ruffin argues, both to the Board and before this Court, that the Board's recommitment of him beyond his original judicially imposed sentence maximum date of June 10, 2017 violates separation of powers principles and his due process rights. This argument has been repeatedly rejected by the courts of the Commonwealth. In *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979), our Supreme Court concluded that in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority

8

granted to it by the General Assembly. *Id*. at 845-48; *see also Gaito v. Pennsylvania Board of Probation and Parole,* 412 A.2d 568, 570 (Pa. 1980); *Ohodnicki v. Pennsylvania Board of Parole,* 211 A.2d 433, 435 (Pa. 1965); *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 685-86 (Pa. Cmwlth. 2011). As the Court explained in *Young*, the argument that the denial of credit for time at liberty on parole amounts to an extension of the maximum date imposed by the sentencing judge is predicated on the "fallacy of...equat[ing] time served on parole with time served in an institution. 'Mere lapse of time without imprisonment...does not constitute service of sentence....'" *Young*, 409 A.2d at 846 (quoting *Anderson v. Corall*, 263 U.S. 193, 196 (1923)). Moreover, the Court has held that the Board's authority to extend the maximum term expiration date does not violate a parolee's due process rights. *Gaito*, 412 A.2d at 570; *Young*, 409 A.2d at 847 n.8; *see also Diaz v. Pennsylvania Board of Probation and Parole*, 525 A.2d 467, 468 n.2 (Pa. Cmwlth. 1987). Accordingly, Ruffin's argument that the Board exceeded its authority by calculating a new maximum date and violated his due process rights is without merit.

The Board did not exceed the balance remaining on the original sentence when recalculating his new maximum date. When Ruffin was paroled on December 22, 2011, he had 1,997 days remaining on his original sentence until his original maximum date of June 10, 2017. The Board acted within its authority in giving Ruffin credit for the 61 days he spent in detention as a technical parole violator between June 26, 2013 and August 26, 2013. *See Cox v. Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985) (Board shall apply credit for time spent confined in a facility as a technical parole violator where the restrictions on the parolee's liberty were equivalent to incarceration). In addition, the Board

9

correctly gave Ruffin credit for 344 days for the period between April 29, 2014, when he was released on his own recognizance, and April 8, 2015, the date of his guilty plea and revocation of bail, because he was being held in custody solely on the Board's detainer during this period. *See Gaito,* 412 A.2d at 571. Thus, the Board correctly recalculated his maximum date to October 21, 2019 to reflect the 1,592 days remaining on his sentence following his return to Board custody after his June 12, 2015 sentencing to time served on the new charges. Furthermore, the Board appropriately exercised its discretion in not giving Ruffin credit for time spent at liberty on parole, or "street time," explaining in the Hearing Report that he was denied credit due to his drug use during his period of supervision contrary to his conditions for parole and his refusal to cooperate with a police investigation regarding a shooting. (C.R. at 72, 77); *see* 61 Pa. C.S. § 6138(a)(2), (2.1) (Board has discretion to award credit to parolee for time spent at liberty on parole, except where parolee commits a crime of violence or a crime that requires registration as a sexual offender or where paroled subject to a federal removal order); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474-75 (Pa. 2017) (holding that the Board must articulate the basis for its decision to grant or deny a convicted parole violator credit for time spent at liberty on parole).

Accordingly, we grant Counsel's petition for leave to withdraw as counsel for Ruffin and affirm the determination of the Board.

_____
**JAMES GARDNER COLINS, Senior Judge**

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Lamar Ruffin, | : |
| Petitioner | : |
| | : |
| v. | : No. 2038 C.D. 2016 |
| | : |
| Pennsylvania Board of Probation | : |
| and Parole, | : |
| Respondent | : |

## **O R D E R**

AND NOW, this 13th day of July, 2017, the petition for leave to withdraw as counsel filed by Michelle M. Alaskey, Esq., in the above-captioned matter is hereby GRANTED and the December 5, 2016 determination of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**