# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Xavier Little,            :
           Petitioner    :
                      :
        v.             :
                      :
Pennsylvania Board of   :
Probation and Parole,    :   No. 1140 C.D. 2017
           Respondent  :   Submitted: March 2, 2018


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                   FILED: June 18, 2018


Xavier Little (Little) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) July 18, 2017 order denying his request for administrative relief. Little is represented in this matter by Kent D. Watkins, Esquire (Counsel), who has filed an Application to Withdraw as Counsel (Application). After review, we deny Counsel's Application.

Little is an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy). On January 5, 2011, Little was sentenced to 2 years and 7 months to 10 years of imprisonment for criminal conspiracy and robbery of a motor vehicle. At that time, his maximum sentence release date was October 11, 2019. Thereafter, he was paroled, recommitted and reparoled.[1]

---

[1] During that time, Little's supervision was transferred to Georgia, and he was charged with additional offenses.

By January 4, 2016 decision (mailed January 7, 2016), the Board recommitted Little as a technical parole violator (TPV) to serve 9 months for multiple technical parole violations. Notwithstanding, the Board declared, in pertinent part:

> YOU ARE REPAROLED AUTOMATICALLY WITHOUT FURTHER ACTION OF THE BOARD ON 07/12/2016 (2ND . . . TPV RECOMMITMENT) PROVIDED YOU DO NOT 1) COMMIT A DISCIPLINARY INFRACTION INVOLVING ASSAULTIVE BEHAVIOR, SEXUAL ASSAULT, A WEAPON OR CONTROLLED SUBSTANCE; 2) SPEND MORE THAN 90 DAYS IN SEGREGATED HOUSING DUE TO ONE OR MORE DISCIPLINARY INFRACTIONS; 3) REFUSE PROGRAMMING OR A WORK ASSIGNMENT.
>
> PAROLE RELEASE SUBJECT TO DETAINERS.

Certified Record (C.R.) at 109. However, by April 22, 2016 decision (mailed April 26, 2016), the Board deleted (*i.e.*, revoked) the automatic reparole portion of its January 4, 2016 decision, "due to [Little's] recent misconduct." C.R. at 115.

On April 28, 2016, Little submitted an Administrative Remedies Form challenging the Board's decision, stating:

> I have received 60 days for disobeying an order and 30 days for another disobeying an order and 30 days for presence in an unauthorized area[,] and they are concurrent for misconduct #B867785[.] So total I have exactly 90 days DC time and I did not commit any of the listed infractions on my green sheet and I don't have more than 90 days in segregated housing. Nor did I refuse any programming or work assignment.

C.R. at 117.

On July 18, 2017, the Board denied Little's request for administrative relief, stating in pertinent part:

> While in a state correctional institution, [Little] incurred misconducts. The institution provided [Little] with misconduct hearings, which resulted in multiple misconducts and a total of 110 days in segregated housing.

2

[Section 6138(d)(5) of t]he Prisons and Parole Code [(Parole Code), 61 Pa. C.S. § 6138(d)(5),] provides that automatic reparole does not apply to [TPVs] who commit disciplinary infractions resultant in more than 90 days in segregated housing. . . . Because [Little] incurred qualifying misconducts under the statute, the Board acted within its authority by rescinding automatic reparole and listing [Little] for reparole review. Moreover, the Board acted within its discretion by taking this action without conducting an additional evidentiary hearing because [Little] was already afforded due process to challenge the misconduct at issue in the hearing held at the state correctional institution. There is no reason for the Board to re-litigate those facts.

C.R. at 123. Little appealed to this Court.[2] Counsel subsequently filed his Application and a *Turner* letter.[3]

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[3]     [P]er [*Commonwealth v.*] *Turner,* [544 A.2d 927 (Pa. 1988),] *Epps* [*v. Pennsylvania Board of Probation and Parole,* 565 A.2d 214 (Pa. Cmwlth. 1989)], and *Frankhouser* [*v. Pennsylvania Board of Probation and Parole*, 598 A.2d 607 (Pa. Cmwlth. 1991)], counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a 'no-merit' letter which details 'the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.' *Turner, . . .* 544 A.2d at 928.

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with . . . a no-merit letter satisfying the requirements of *Turner,* and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

In his *Turner* letter to this Court, Counsel explained:

The [Board] denied [Little] automatic reparole on the basis [of] multiple institutional misconducts resulting in a total of 110 days in segregated housing in violation of [Section 6138(d)(5) of the Parole Code,] which states, in essence, that [Little] shall be automatically reparoled without further action by the [B]oard unless he has spent more th[a]n 90 days in segregated housing due to one or more disciplinary infractions. 61 Pa. C.S.[] § 6138(d).

Although [Little] was not automatically paroled pursuant to [Section 6138 of the Parole Code,] [Counsel] has learned [that Little] has [sic] subsequently reparoled to a detainer from the stat[e] of Georgia and has waived extradition and is proceeding in the Court of Common Pleas of Schuylkill County on December 6, 2017, rend[er]ing the issue of automatic reparole moot.

The certified record provides no evidence the [Board's] actions constitute an error of law, violate [Little's] constitutional rights or are not supported by substantial evidence. The record does not reveal any other issues that may be raised on [Little's] behalf.

In light of my exhaustive examination of the certified record, and research of applicable case law, I have concluded that [Little's] appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous. In view of my conclusion that [Little's] appeal

4

has no merit, I am filing a petition with the Honorable Court for leave to withdraw my appearance as [Little's] appellate counsel. By copy of this letter, I am advising [Little] of his right to retain substitute counsel, if he so desires, and of his right to raise any points which he may deem worthy of merit in a pro se brief filed with this Honorable Court.

Counsel *Turner* Letter at 5-6.

Counsel's *Turner* letter contains a scant procedural history of Little's case and explains Little's challenges to the Board's revocation of his automatic reparole, *i.e.*, Little did not commit disciplinary infractions warranting such action. The *Turner* letter also includes Counsel's review of the record and relevant statutory law. Counsel served Little with a copy of the no-merit letter and his Application, and notified Little that he may either obtain substitute counsel or file a brief on his own behalf.[4] However, Counsel does not provide sufficient explanation for why Little's issue on appeal is without merit.

Despite that Little's appeal is based purely upon his claim that he only spent 90 days in segregated housing, Counsel merely repeated the Board's conclusion that Little spent 110 days in segregated housing and, thus, the Board was authorized to revoke his automatic reparole. Counsel offered no explanation and did not reference any source or documentation to support the 110-day calculation. Further, Counsel's recitation of the procedural history of Little's Pennsylvania and Georgia criminal cases does not adequately describe how the Georgia detainer makes Little's automatic reparole moot.

Consequently, Counsel did not address Little's issue with sufficient detail to provide a substantive reason for concluding that his claim was meritless. *Hont*. Without that information, this Court cannot "concur in [C]ounsel's assessment." *Id.* at 48. As a result, Counsel's letter failed to fully comply with the *Turner* requirements. *See id.*

---

[4] Little did not obtain substitute counsel or file a brief.

5

Accordingly, Counsel's Application is denied without prejudice. Counsel has 30 days to either file an amended application and *Turner* letter that adequately addresses the issue raised in Little's request for administrative relief and Counsel's mootness determination, or to submit a brief on the merits.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Xavier Little,                :
            Petitioner     :
                      :
            v.              :
                      :
Pennsylvania Board of    :
Probation and Parole,      :   No. 1140 C.D. 2017
            Respondent   :

## O R D E R

AND NOW, this 18th day of June, 2018, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire (Counsel) is DENIED. Counsel shall either file a renewed application to withdraw and an amended no-merit letter, or submit a brief on the merits within 30 days from the date of this Order.

                               _____
                               ANNE E. COVEY, Judge