IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Omar Buxo,                :
           Petitioner          :
                       :
      v.                    :
                       :
Pennsylvania Parole Board,      :    No. 1202 C.D. 2020
           Respondent      :    Submitted: January 28, 2022

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: May 17, 2022

Before the Court is Kent D. Watkins' (Counsel) second Application to Withdraw as Counsel (Second Application) from the representation of Edwin Omar Buxo (Buxo).[1] This Court previously denied Counsel's first Application for Leave to Withdraw as Counsel (First Application). *See Buxo v. Pa. Parole Bd.* (Pa. Cmwlth., No. 1202 C.D. 2020, filed Oct. 22, 2021) (*Buxo I*). Buxo, through Counsel, filed a petition for review of the Pennsylvania Parole Board's (Board) October 30, 2020 decision, which partially denied his request for administrative relief challenging the recalculation of his parole violation maximum sentence date.

---

[1] We note that Buxo is also identified throughout the certified record as Edwin Omar Buxo-Rios. *See, e.g.*, Certified Record (C.R.) at 14.

This Court previously described the facts leading up to Counsel's First Application as follows:

In 2012, Buxo pleaded guilty to the offense of carrying a firearm without a license and[, later that year, he] submitted [] "revocation" [of probation] plea[s] to the offense of aggravated assault with a deadly weapon and a drug-related offense. [Certified Record (C.R.) at 1.] Buxo received an aggregate sentence of four to nine years' imprisonment[, with a controlling maximum date of September 28, 2020]. [*Id.* at 1-2.] In 2017, the Board paroled Buxo to a specialized community corrections center with violence prevention programming. [*Id.* at 4-8.[2]]

Later that same year, [on December 3, 2017,] the Board issued a warrant to commit and detain Buxo . . . [due to his arrest on the same date by the Pennsylvania State Police in Montgomery County on] various drug-related charges after he admitted during a traffic stop to having drugs in his possession. *See* [C.R. at 13-20. Also on December 3, 2017, secured bail was set at $10,000, which was changed to $10,000 unsecured bail on December 13, 2017. Buxo posted bail the following day. *Id.* at 63, 111.[3] By Board order recorded April 24, 2018, Buxo was detained pending the disposition of the new criminal charges. *Id.* at 26. Buxo pled guilty in the Montgomery County Court of Common Pleas to possession with intent to deliver a controlled substance on March 23, 2018, and the remaining charges were nolle prossed. *Id.* at 27, 42-43, 64. Buxo was remanded to a state correctional institution without bail pending his sentencing. *Id.* at 42-43. Based on the new criminal conviction the Board scheduled a parole revocation hearing. *Id.* at 27.] Buxo [thereafter] elected to waive the right to a parole

---

[2] Buxo was actually paroled to the community corrections center on March 13, 2017. C.R. at 8.

[3] It appears Buxo was returned to a state correctional institution on December 28, 2017, and remained incarcerated up through his sentencing. *See* C.R. at 52, 79.

revocation hearing and to assistance of counsel at the hearing[, and admitted to his new criminal conviction.] *See* [*id.* at 28-30, 54.]

In [May of] 2018, the Board revoked Buxo's parole and recommitted him to a state correctional institution as a convicted parole violator to serve 24 months' backtime, pending sentencing on the [new] criminal charge[, in August 2018]. [C.R. at 51, 57-58, 61.] The Board calculated a parole violation maximum date of April 3, 2021[, noting it was subject to change pending additional information]. *See* [*id.* at 57-58.] Buxo was subsequently sentenced [on June 13, 2019,] to 24 months of State Intermediate Punishment [(SIP)].[4] *See* [*id.* at 64, 78.]

---

[4] We explained in *Buxo I* that "State Intermediate Punishment (SIP) is designed for individuals convicted of drug-related offenses" and consists of the following:

> Under SIP, the inmate will serve a flat sentence of 24 months, at least [7] of which will be served in[ ]prison, ([4] of them in a therapeutic community), a minimum of [2] months in a community-based therapeutic community and a minimum of [6] months in outpatient treatment. The balance of the 24 months consists of supervised reintegration into the community, which involves [Department of Corrections (]DOC[)] staff monitoring their progress in the community and some additional services or treatment, based upon their individual needs and progress.
>
> All participants in the SIP program will have an individualized treatment plan. Progress through the program is based on the assessed need and attainment of goals established for each individual. A person who fails in the program, due to misconduct or poor progress in treatment, will be subject to resentencing by the court under traditional sentencing guidelines.

*Buxo I*, slip op. at 3 n.3 (quoting *State Intermediate Punishment*, PA. DEP'T OF CORR., https://www.cor.pa.gov/Inmates/Pages/SIP.aspx (as visited on Oct. 21, 2021)). Notably, SIP is no longer available as a sentence; rather, SIP is now known as the State Drug Treatment Program, which is administered by DOC, effective February 17, 2020. *See* the Act of December 18, 2019, P.L. 776, No. 115 (Act 115 of 2019); *see also id.* (Feb. 5, 2020 Memorandum of Acting Chief Counsel of DOC). However, at the time of Buxo's sentencing on July 13, 2019, SIP remained a statutorily authorized sentencing alternative. *See* former Section 9721(a)(7) of the Sentencing Code, *formerly* 42 Pa.C.S. § 9721(a)(7) (repealed).

By decision [mailed on June 5, 2020,] the Board recommitted Buxo as a convicted parole violator to serve 24 months' backtime, noting a recomputed parole violation maximum date of June 21, 2021. [C.R. at 82-83.] The Board refrained from awarding Buxo credit for time spent at liberty on parole, due to Buxo's unresolved drug and/or alcohol issues. *Id.*[ at 82.] By separate order [] dated May 26, 2020, the Board granted Buxo 556 days of backtime credit[ for the periods of December 3, 2017, through March 23, 2018, and March 24, 2018, through June 13, 2019]. [*Id.* at 80.]

On June 9, 2020, the Board received a letter from Buxo challenging the Board's recalculation of his parole violation maximum date as set forth in its [June 5], 2020 decision and asserting that he was entitled to two years, four months[,] and three days [of] backtime credit. [C.R. at 84-85, 111.] Buxo also requested legal representation in the matter. [*Id.* at 85.] Counsel entered an appearance by means of a letter received by the Board on June 25, 2020. *See* [*id.* at 104.]

By decision mailed October 30, 2020, the Board responded to Buxo's request for administrative review,[5] reversed its [June 5], 2020 decision, in part, and granted Buxo one additional day of backtime credit for March 23, 2018, thereby modifying Buxo's parole violation maximum date to June 20, 2021.[6] [C.R. at 108-11.]

On November 24, 2020, Buxo, through counsel, petitioned this Court for review of the Board's October 30, 2020 decision, asserting that the Board failed to give him credit for all time served exclusively to its warrant. [Pet. for Rev.] at 1-2, ¶¶ 4-5. Buxo also filed an application for leave to proceed *in forma pauperis* pursuant to

---

[5] In its decision, the Board stated that it would not consider Buxo's letters received on June 18, 2020, and August 25, 2020, because they were second or subsequent requests for relief under the Board's regulations. C.R. at 111 (citing 37 Pa. Code § 73.1).

[6] In so doing, the Board explained that Buxo was entitled to all presentence credit, and thus 557 days instead of only 556 days, because he was sentenced to SIP. C.R. at 111.

4

Pennsylvania Rule of Appellate Procedure 553,[ Pa.R.A.P. 553,] which the Court granted [by order dated December 2, 2020].

On January 13, 2021, Counsel submitted an application to withdraw from representation of Buxo, asserting that his review of the certified record revealed that Buxo's appeal is frivolous and lacks merit. [Appl.] to Withdraw as Counsel, 1/13/[20]21 at [3], ¶¶ 5-7 (citing *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)). Counsel also submitted a "no-merit" letter, asserting that the Board's denial of credit for time spent by Buxo at liberty on parole on the basis of Buxo's unresolved drug and/or alcohol issues was sufficiently specific. "No-Merit" Letter[, 1/13/2021] at 5-6 . . . (citing *Smoak v. Talaber*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018)). Thus, Counsel concluded on the basis of his "exhaustive examination of the certified record, and research of applicable case law," that Buxo's appeal from the revocation of his parole lacked merit. *Id.* at 6. Counsel noted that he sent Buxo a copy of the "no-merit" letter in order to advise him of his right to obtain substitute counsel or to proceed *pro se*. *Id.* at 6-7.

On January 15, 2021, this Court issued an order stating that it would consider Counsel's petition for leave to withdraw as counsel along with the merits of Buxo's petition for review. This Court directed that Buxo could, within 30 days after service of the order on him, either obtain substitute counsel at his own expense or file a brief on his own behalf. [] No substitute counsel has entered an appearance, and Buxo has not filed a brief on his own behalf.

*Buxo I*, slip op. at 1-6 (some footnotes and citations omitted).

Ultimately, this Court determined that Counsel's First Application failed to address in his "no-merit" letter the sole issue raised in the petition for review filed by Counsel on behalf of Buxo. *See Buxo I*, slip op. at 7. We therefore directed Counsel to file either an amended "no-merit" letter or a brief on the merits of Buxo's

5

petition for review within 30 days of the date of our decision and order. Counsel filed his Second Application on November 19, 2021, with a new "no-merit" letter, which is now before the Court. Therein, Counsel asserts that Buxo's argument of Board error for failing to assign credit for time served exclusively on its warrant is without merit. Amended "No Merit" Letter at 1. Counsel also asserts that Buxo's arguments that the Board incorrectly recalculated his maximum sentence date are also without merit. *Id.* at 6-7.

As previously noted,

> [c]ounsel seeking to withdraw on the basis that petitioner's claim lacks merit must, after "zealously" reviewing the case, submit a "no-merit" letter detailing: (i) the nature and extent of the counsel's diligent review; (ii) each issue the petitioner wished to raise; and (iii) counsel's explanation as to why those issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 959-60 (Pa. Cmwlth. 2009) (citing *Turner*, 544 A.2d 927). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996); *see also Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009) (stating that "a ["]no-merit["] letter must substantively address each of the petitioner's arguments, rather than baldly stating that the claims are without merit"). Counsel must also send the petitioner: (i) a copy of the "no-merit" letter; (ii) a copy of counsel's petition to withdraw; and (iii) a statement advising petitioner of the right to proceed *pro se* or by new counsel. *Zerby*, 964 A.2d at 960. Once counsel has complied with the requirements, the court will "make an independent evaluation of the proceedings before the [B]oard to determine whether [petitioner's] appeal is meritless." *Wesley v. Pa. Bd. of Prob. & Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992) (quoting *Frankhouser v. Pa.*

6

*Bd. of Prob. & Parole*, 598 A.2d 607, 608-09 (Pa. Cmwlth. 1991)).

*Buxo I*, slip op. at 6-7.

In this matter, Counsel has satisfied his duties under *Zerby*. Attached to Counsel's Second Application is a letter Counsel wrote to this Court and Buxo indicating Counsel's intention to file an application to withdraw. *See* Amended "No-Merit" Letter dated Nov. 19, 2021 (Amended No-Merit Letter) at 8. The Amended No-Merit Letter notifies Buxo of his right to retain substitute counsel and to raise any other points deemed worthy of merit.[7] *Id.* at 8. The docket contains a certificate of service indicating that the Second Application and the Amended No-Merit Letter were served on Buxo.[8] Furthermore, the Amended No-Merit Letter sets forth the nature and extent of Counsel's review of the case and reflects that he has reviewed the record and applied the facts to the applicable law. *See generally* Amended No-Merit Letter. Counsel addresses issues raised in both Buxo's administrative appeal to the Board and in the petition for review filed by Counsel on behalf of Buxo. *See id.* at 5-8. Specifically, Counsel first addresses whether the Board gave Buxo credit for time spent exclusively on its warrant, as raised in the petition for review, and second, Counsel addresses the issues Buxo raised in his administrative appeal, i.e., whether the Board erred in its recalculation of his maximum sentence date and whether he was entitled to additional backtime credit. *See* Amended No-Merit Letter at 5-8; *see also* C.R. at 84 & 111. The Amended No-Merit Letter also explains why Buxo's contentions on appeal are without merit. *See* Amended No-Merit Letter at

---

[7] Buxo did not obtain substitute counsel or file a brief on his own behalf.

[8] On November 19, 2021, Counsel submitted to this Court a certificate of service certifying that he sent a copy of the application to withdraw and the "no-merit" letter to Buxo by "First-Class Mail." *See* Certificate of Serv., filed Nov. 19, 2021.

7

5-8. As Counsel has satisfied his duties pursuant to *Zerby*, we turn to our independent review of Buxo's claims.[9]

Counsel explains that Buxo was paroled on March 13, 2017, with a maximum sentence date of September 28, 2020, which left 1,295 days on his sentence at the time of parole. *See* Amended No-Merit Letter at 6-7. Buxo was then arrested on December 3, 2017, the Board issued a detainer the same day, and Buxo was ultimately sentenced on the new Montgomery County charges on June 13, 2019. *See id*. at 6. The Board gave Buxo backtime credit for the entire period he was detained on the Board's warrant, i.e., from December 3, 2017, through June 13, 2019, which totaled 557 days. *See id*. Subtracting 557 days of backtime credit from the 1,295 days left on Buxo's original sentence left 738 days remaining on his original sentence. *See id*. at 6-7. Adding 738 days to June 13, 2019, the day Buxo was sentenced to SIP and, therefore, the day he became available to begin serving the backtime on his original sentence, results in Buxo's maximum sentence date being recalculated as June 20, 2021. *See id*. at 7; *see also* C.R. at 109 & 111. Counsel thus asserts that the Board's backtime credit calculations are correct, and, therefore, that Buxo's maximum sentence date was properly recalculated to reflect all the time Buxo spent on the Board's warrant. *See* Amended No-Merit Letter at 7.

We agree with Counsel's assessment that Buxo's claims that the Board erred by failing to award him credit against his original sentence for all time served exclusively to its warrant, and that his recalculated maximum sentence date was incorrectly calculated, are without merit. Buxo was arrested on December 3, 2017,

---

[9] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

8

and the Board issued a warrant the same day. C.R. at 13-20. Buxo was afforded unsecured bail on December 13, 2017, but remained detained on the Board's warrant up to and through his sentencing. C.R. at 63, 79, 111. Buxo pled guilty in Montgomery County on March 23, 2018, and the Board thereafter revoked his parole and recommitted him as a convicted parole violator to serve 24 months of backtime, when available, pending his sentencing. C.R. at 27, 42-43, 64, 51, 57-58, 61. On June 13, 2019, Buxo was sentenced in Montgomery County to SIP, after which the Board reaffirmed its decision to recommit Buxo as a convicted parole violator and determined that Buxo was entitled to presentence credit on his original sentence for all the time he spent incarcerated prior to sentencing due to imposition of the SIP sentence. C.R. at 64, 78, 82-83, 114. As Counsel stated, the Board awarded Buxo presentence credit for the entire period of time he was detained between December 3, 2017, and June 13, 2019. *See* Amended No-Merit Letter at 6-7; *see also* C.R. at 114. Thus, because Buxo received credit on his original sentence for every single day he spent incarcerated on the Board's warrant, his claim that he did not get credit for "all" the time he served on the Board's warrant is unquestionably meritless. *See Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980) (holding that if a parolee has met bail on the new charges, but remains in custody solely on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence").[10]

To the extent there is any question as to why Buxo received credit for the period of December 3, 2017, when he was arrested on the new charges, to December 13, 2017, when he made bail on the new charges, and thus when he was detained on both the Board's warrant and the new charges, we note that "[i]f an

---

[10] We note that *Gaito* would be applicable to the time period of December 13, 2017, to June 13, 2019.

eligible offender is sentenced to the SIP program, he or she is not entitled to credit for time served during pre[]sentence detention on the criminal charges resulting in admission to the SIP program." *Williams v. Pa. Bd. of Prob. & Parole*, 68 A.3d 386, 388 (Pa. Cmwlth. 2013) (citing Section 4105(b) of the Prisons and Parole Code, 61 Pa.C.S. § 4105(b) (prior to Act 115 of 2019's amendments thereto)). Therefore, Buxo was not entitled to any presentence confinement credit towards his new sentence of SIP for the period of December 3, 2017, through December 13, 2017; accordingly, the Board applied it to his original sentence. We thus agree with Counsel's assessment that the Board properly credited Buxo with all presentence confinement time to which he was entitled, and that the Board did not err in its recalculation of Buxo's maximum date, as explained above.

Accordingly, for the foregoing reasons, we grant Counsel's application to withdraw as counsel and affirm the Board's October 30, 2020 decision.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Omar Buxo,                         :
                    Petitioner           :
                                         :
        v.                               :
                                         :
Pennsylvania Parole Board,               :    No. 1202 C.D. 2020
                    Respondent           :

O R D E R

AND NOW, this 17th day of May, 2022, the Application to Withdraw as Counsel, filed by Kent D. Watkins, Esquire, is GRANTED, and the Pennsylvania Parole Board's October 30, 2020 order is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge