J-S54027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AMILCAR ZAPATA :
:
Appellant : No. 717 MDA 2018

Appeal from the PCRA Order March 28, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003546-2013

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 24, 2019**

Amilcar Zapata appeals from the order, entered in the Court of Common
Pleas of Berks County, dismissing his petition filed pursuant to the Post-
Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed
an **Anders**[1] brief and a petition to withdraw. Pursuant to **Commonwealth**

---

[1] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v.
McClendon**, 434 A.2d 1185 (Pa. 1981); **see also Commonwealth v.
Santiago**, 978 A.2d 349 (Pa. 2009). The proper mechanism for withdrawal
on appeal from the denial of a PCRA petition is a **Turner**/**Finley** no-merit
letter. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988);
**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).
However, because an **Anders** brief provides greater protection to a criminal
appellant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** no-merit
letter. **See Commonwealth v. Widgens**, 29 A.3d 816, 817 n.2 (Pa. Super.
2011); **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super.
2004). Counsel explained that she opted to file an **Anders** brief because this
appeal "presents issues arising from both the denial of [Zapata's] PCRA and
his sentence." **Anders** Brief, at 13. Counsel's **Anders** brief satisfies the
requirements of **Turner**/**Finley**. Counsel has detailed the nature and extent

*v. Torres*, 630 A.2d 1250 (Pa. Super. 1993) (en banc), this Court has conducted an independent review of the record. We conclude that this case is controlled by our recent decisions in **Commonwealth v. Wood**, 208 A.3d 131 (Pa. Super. 2019) (en banc), and **Commonwealth v. Lippincott**, 208 A.3d 143 (Pa. Super. 2019) (en banc). Accordingly, we deny counsel's application to withdraw, vacate the order denying the PCRA petition, and remand with instructions.

In 2013, Zapata was charged with rape and related offenses arising out of incidents involving a ten-to-eleven year-old female that occurred between July 1, 2005 and June 30, 2007. On June 7, 2016, Zapata entered a negotiated guilty plea to aggravated indecent assault,[2] endangering the welfare of children[3] and corruption of minors.[4] The court sentenced Zapata to three to ten years' imprisonment followed by twelve years' probation. The

---

of review; has listed the issues Zapata wishes to have reviewed; and explains why the those issues lack merit. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). This Court will independently review the record to determine whether the petition indeed lacks merit. **Id.** Counsel has also filed a motion to withdraw and a no-merit letter, which was sent to Zapata. In that letter, counsel advised Zapata his right to retain new counsel, proceed *pro se*, or raise any additional points he deemed worthy of the Court's attention. **See Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007). **See also Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa. Super. 2007).

[2] 18 Pa.C.S.A. §§ 3125(a)(1), (7).

[3] 18 Pa.C.S.A. § 4304(a)(1).

[4] 18 Pa.C.S.A. § 6301(a)(1).

court ordered Zapata, who was found to be a sexually violent predator (SVP), to comply with Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. § 9799.10 *et seq.*,[5] and register with the Pennsylvania State Police for the remainder of his lifetime.

On March 23, 2017, Zapata filed a *pro se* PCRA petition. The procedural history that followed, though not relevant to the legality of sentencing issue before us, concluded with this Court issuing an order remanding to allow Zapata's counsel to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and the PCRA court to file a supplemental Rule 1925(a) opinion. On December 19, 2018, Zapata, through counsel, filed a Rule 1925(b) statement claiming the PCRA court erred in denying Zapata's petition and denying him relief from SORNA's registration requirements. The PCRA court filed its opinion on January 18, 2019. On appeal, Zapata raises the following claims:

1. Whether the [PCRA] court erred by denying [Zapata] relief pursuant to the PCRA?

2. Whether the [PCRA] court erred by denying relief from SORNA in light of the decision in ***Commonwealth v. Muniz***, [164 A.3d 1189 (Pa. 2017)] and the subsequent enactment of Act 10 of 2018?

***Anders*** Brief, at 5.

Zapata first claims the PCRA court erred in denying relief. In his petition, Zapata claimed trial counsel was ineffective in "forcing" him to enter

---

[5] Effective December 20, 2012.

a guilty plea and in failing to file a suppression motion. These claims are meritless.

A defendant is entitled to "effective assistance of counsel at all stages of a criminal proceeding, including during the plea process." **Commonwealth v. Lynch**, 820 A.2d 728, 732 (Pa. Super. 2003) (citation omitted). A claim of ineffective assistance of counsel in connection with the decision to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). **Commonwealth v. Barndt**, 74 A.3d 185, 191 (Pa. Super. 2013) (citation omitted). "If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief." **Lynch**, 820 A.2d at 732 (citation omitted). "[T]he voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** at 733.

To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Turetsky**, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been

different." ***Id.  See also Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.").  Further, "[c]ounsel is presumed to have been effective and the burden of rebutting that presumption rests with the petitioner." ***Commonwealth v. Fletcher***, 986 A.2d 759, 772 (Pa. 2009).

Zapata's claim that counsel forced his plea is belied by the record.  At the plea colloquy, Zapata acknowledged that he understood he had the right to trial by jury and the right to file various pretrial motions, including a motion to suppress evidence, and that he understood that if he plead guilty he would give up those pretrial and trial rights.  ***See*** N.T. Guilty Plea Colloquy, 6/7/16, at 2-3.  Zapata also acknowledged that his responses on the written colloquy form were truthful.  ***Id.*** at 3.  Additionally, the following relevant exchanges occurred at the colloquy:

> ASSISTANT DISTRICT ATTORNEY: Are you satisfied with the services of your attorney?
>
> DEFENDANT: Yes.
>
> * * *
>
> THE COURT:  Is anyone forcing you to plead guilty today?
>
> DEFENDANT:  No.
>
> * * *
>
> COUNSEL:   Your Honor, I'd ask that you follow the plea agreement.  This has been negotiated.  Mr. Zapata, since I've been assigned to the case, has never indicated that he wanted to force this to trial or make the victim testify.  It's just been a question of negotiating a reasonable plea offer.  Considering his

- 5 -

age, we feel that this is appropriate. Also, he's never had sex offender counseling before, and we believe that he will benefit from that greatly because of what has happened throughout the duration of his lifetime.

The COURT: All right. Mr. Zapata, is there anything you'd like to say?

DEFENDANT: Yes. I take full responsibility for my crime and I apologize for my actions.

*Id.* at 4, 7, 9.

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 522–23 (Pa. Super. 2003). The record clearly demonstrates that Zapata was not coerced into a plea, that he understood the nature of the charges and that he was satisfied with counsel's representation. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Next, Zapata challenges his sentence in light of *Muniz*. Recent case law has called into question the legality of retroactive application of sex offender registration under SORNA to offenses committed before the effective date of SORNA. Given the timeliness of Zapata's PCRA petition, we elect to review the legality of Zapata's sentence on this basis *sua sponte*. **See** **Commonwealth v. DiMatteo**, 177 A.3d 182 (Pa. 2018) (reiterating general

rule that legality of sentence can be reviewed in context of timely PCRA petition); ***Commonwealth v. Randal***, 837 A.2d 1211 (Pa. Super. 2003) (en banc) (explaining challenges to illegal sentence cannot be waived and may be raised by this Court *sua sponte*, assuming jurisdiction is proper; illegal sentence must be vacated).

In ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), *cert. denied sub nom.*, ***Pennsylvania v. Muniz***, ––– U.S. ––––, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), our Supreme Court declared SORNA unconstitutional, concluding that SORNA violated ex post facto prohibitions under both the United States and Pennsylvania Constitutions. ***Id.*** at 1223. The ***Muniz*** court determined SORNA's purpose was punitive in effect, despite the General Assembly's stated civil remedial purpose. ***Id.*** at 1218. Thus, application of the statute would inflict greater punishment than the law in effect at the time the defendant *committed his crimes*. ***Id.*** at 1196, 1218. Accordingly, the Supreme Court vacated the portion of the judgment of sentence that required the appellant to comply with SORNA.

The General Assembly explicitly stated that SORNA became effective on December 20, 2012. ***See Commonwealth v. Martinez***, 147 A.3d 517, 522 (Pa. 2016) (reiterating that "SORNA provided for the expiration of Megan's Law as of December 20, 2012, and for the effectiveness of SORNA on the same date."). The effective date of SORNA, December 20, 2012, controls for purposes of an ex post facto analysis. ***See Commonwealth v. Horning***, 193 A.3d 411, 417 (Pa. Super. 2018) (critical inquiry for determining whether

application of SORNA to convicted sex offender violates ex post facto prohibitions is date of offense).

As we explained in *Lippincott* and *Wood*, to apply SORNA to offenders whose crimes were committed before SORNA's effective date would increase punishment for sexual offenses from the punishment that existed at the time of the offense. Therefore, application of SORNA to sexual offenders for offenses committed before its effective date violates the ex post facto clauses of the United States Constitution and the Pennsylvania Constitution.

Here, Zapata's crimes were committed between 2005 and 2007, several years before SORNA's effective date. Given the foregoing case law, retroactive application of SORNA's registration and reporting requirements to Zapata violated the ex post facto clauses of the United States and Pennsylvania Constitutions. *Muniz*, *supra*. We conclude, therefore, that Zapata is not required to register as a sex offender under SORNA. Accordingly, we vacate the order denying PCRA relief, vacate that portion of the judgment of sentence regarding Zapata's SORNA reporting requirements and SVP status,[6] and we remand the case to the trial court to determine the appropriate registration and reporting requirements.

---

[6] In *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018), this Court concluded that, in light of our Supreme Court's decision in *Muniz*, the subsection relating to SVP designation under SORNA "violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt."

Order vacated and case remanded with instructions.  Motion to withdraw denied.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2019

---

**Butler**, 173 A.3d at 1218. Thus, **Butler** found that SVP hearings and designations made under SORNA were unconstitutional.  **Id.**    Following **Muniz** and **Butler**, the Pennsylvania General Assembly enacted legislation to amend SORNA.  **See** Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10").  Act 10 amended several provisions of SORNA, and added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018.  **See** Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29").  Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012.  **See** 42 Pa.C.S.A. §§ 9799.51-9799.75.  Subchapter I contains less stringent reporting requirements than Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012.  **See** 42 Pa.C.S.A. §§ 9799.13, 9799.54.  Our Supreme Court has granted review to determine whether Acts 10 and 29 are constitutional.  **See Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018).

- 9 -